**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

**FILED**

SEP - 7 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CYDNEY A. CRUE, et al.,                )
                                       )
            Plaintiffs,                )
                                       )
    v.                                 )      Civil Action No. 01-1144
                                       )
MICHAEL AIKEN,                         )      Judge Michael M. Mihm
                                       )
            Defendant.                 )

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' PETITION FOR ATTORNEY FEES**

On June 1, 2004, the U.S. Court of Appeals for the Seventh Circuit affirmed the

rulings of this Court in favor of the plaintiffs.  See Crue v. Aiken, 370 F.3d 668 (7th Cir.

2004).  Plaintiffs now seek $165,409 in attorney fees to compensate them for counsel's

reasonable appellate work obtaining this favorable result.[1]

**BACKGROUND**

On March 2, 2001, Chancellor Aiken issued a gag order, referred to herein as the

"Preclearance Directive," requiring all students, faculty, and staff of the University of

Illinois to seek pre-approval from the University's Athletics Department before

communicating with any "prospective student athletes."  On March 22, 2001, plaintiffs

sued, alleging that the Preclearance Directive violated the First Amendment.

On May 24, 2002, on cross-motions for summary judgment, this Court denied

Aiken's motion on the merits and for qualified immunity, and granted plaintiffs' motion

as to liability and a declaratory judgment.  Crue v. Aiken, 204 F. Supp. 2d 1130 (C.D. Ill.

2002).  On July 22, 2002, the matter proceeded to trial on the question of damages.  On

---

[1] On July 7, 2004, the Seventh Circuit taxed appellate costs against defendant
Aiken.  Nothing in this fee petition duplicates those taxed costs.

September 3, 2002, this Court entered an order awarding $1,000 to each of the five plaintiffs seeking damages as compensation for their injuries. On October 2, 2002, Aiken appealed from the summary judgment ruling.

On October 10, 2002, plaintiffs filed their fee petition, inadvertently submitting it one day late. On November 15, 2002, this Court ruled that this delay was excusable neglect. On April 8, 2003, this Court awarded plaintiffs $208,812.99 in attorney fees, and $2,949.35 in costs. On May 7, 2003, Aiken appealed this award. On June 26, 2003, this Court awarded plaintiffs supplemental fees of $7,740 and $215.12 in related expenses. On July 17, 2003, Aiken appealed this latter award.

On February 14, 2003, Aiken filed a brief in his merits appeal. On August 25, 2003, he filed a brief in his fees appeals. On October 8, 2003, plaintiffs filed their consolidated response brief. Because Aiken filed two opening briefs, the Seventh Circuit granted plaintiffs an extension in the length of their consolidated response brief, from 14,000 to 18,000 words. On October 17, 2004, plaintiffs moved to strike portions of Aiken's opening merits brief containing factual allegations not contained in the summary judgment record. On February 9, 2004, the Seventh Circuit heard oral argument. Also during these appellate proceedings, the Seventh Circuit ordered both parties to submit memoranda regarding appellate jurisdiction, and twice ordered the parties to participate in court-supervised settlement talks.

On June 1, 2004, the Seventh Circuit issued an opinion affirming this Court's rulings in favor of plaintiffs. First, it held that the retraction of the Preclearance Directive and the resignation of Chancellor Aiken did not moot plaintiffs' claim for declaratory relief. Crue, 370 F.3d at 677. Second, it held that "the district court correctly found that

the plaintiffs' free speech rights were infringed by the March 2 preclearance directive." Id. at 680.  Third, it rejected Chancellor Aiken's claim of qualified immunity.  Id. Fourth, it held that this Court did not abuse its discretion by ruling that plaintiffs' filing of their fee petition one day late was excusable neglect. Id. at 680-81.

On July 7, 2004, the Seventh Circuit issued the mandate.  On August 2, plaintiffs moved for an extension of time to file their fee petition.  On August 10, this Court ordered plaintiffs to file their fee petition by September 8.

### DISCUSSION

Pursuant to 42 U.S.C. § 1988, plaintiffs seek an award of attorney fees for their counsel's reasonable time successfully defending on appeal this Court's rulings.  Part I below shows that plaintiffs are entitled to an award of fees.  Part II demonstrates that their reasonable lodestar (based on reasonable hours and hourly rates) is $165,409.  Part III establishes that plaintiffs are entitled to their full lodestar.

### I.    Plaintiffs prevailed on appeal.

Section 1988 "entitles a prevailing plaintiff on appeal to compensation for appellate work." Bond v. Stanton, 630 F.2d 1231, 1234 (7th Cir. 1980). Accord Kurowski v. Krajewski, 848 F.2d 767, 777 (7th Cir. 1988).  Here, plaintiffs prevailed on appeal.  See Crue v. Aiken, 370 F.3d 668 (7th Cir. 2004).  Accordingly, plaintiffs are entitled to an award of fees to compensate them for counsel's reasonable time obtaining this favorable result.

### II.   Plaintiffs hours and hourly rates are reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

3

hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This figure is known as the "lodestar." Spellan v. Board of Educ., 59 F.3d 642, 645 (7th Cir. 1995).

## A.   The number of hours reasonably expended.

Plaintiffs seek compensation for 595.9 hours expended by their counsel on appellate work. See Exh. 1 (counsel's detailed time records). Plaintiffs' counsel reasonably undertook this time in defense of the favorable rulings of this Court.[2]

Most of this time was spent preparing plaintiffs' appellate brief. Significantly, plaintiffs were responding to two opening briefs filed by Aiken, the first regarding the merits issues and the second regarding fees. In light of this posture, the Seventh Circuit granted plaintiffs an extension of the length of their response brief, from 14,000 words to 18,000 words. Aiken's briefs were prepared by experienced appellate litigators at the private law firm of Mayer Brown Rowe & Maw, in cooperation with a constitutional scholar at the Northwestern University School of Law.

The primary task in preparing this brief was legal research, analysis, and writing regarding the many complicated First Amendment and other legal issues related to this appeal, including: whether the rights of the plaintiff faculty members should be analyzed pursuant to NTEU or Pickering; whether the Preclearance Directive violated First Amendment doctrines relating to prior restraints, overbreadth, anonymous speech, content discrimination, and unfettered discretion; the First Amendment status of graduate

---

[2] A small amount of the time for which plaintiffs now seek compensation (20 hours or 3% of the total) is for work after the Seventh Circuit issued its decision on June 1, 2004. See Exh. 1 at pp. 38-41. This includes time preparing this fee petition and supporting materials, and time responding to communications from defendants regarding payment of attorney fees and/or a possible certiorari petition. See id. All of this time is compensable. See, e.g., Kurowski, 848 F.2d at 777 (awarding fees for work in connection with a fee petition).

4

students at public universities; qualified immunity; the availability of declaratory relief as a predicate to damages; and the excusable neglect standard as applied to plaintiffs' one-day delay in filing their initial fee petition. Counsel also spent significant time reviewing the summary judgment record regarding a host of factual and procedural issues, including: the injury to plaintiffs' First Amendment interests; Aiken's stated governmental interests; and the meaning of the relevant NCAA rules.

Moreover, counsel spent time preparing a motion to strike the many portions of Aiken's merits brief that addressed allegations outside the summary judgment record. While the Seventh Circuit did not expressly rule on this motion to strike, the majority opinion adopted plaintiffs' position and did not address Aiken's allegations unsupported by the summary judgment record. Counsel also spent time preparing for oral argument, including participation in a moot court.

Finally, counsel spent significant time on additional tasks commanded by the Seventh Circuit. For example, counsel prepared for and attended two court-supervised settlement conferences, one regarding the merits appeal and one regarding the fees appeal. Also, plaintiffs submitted a jurisdictional memorandum.

All of this appellate work was performed by attorneys employed by the Roger Baldwin Foundation ("RBF") of ACLU, Inc. Harvey Grossman served as senior counsel, supervising the work of attorneys Jane Whicher, Adam Schwartz, Chris Varas, and Connie Chung. Tasks were efficiently allocated based on counsel's respective levels of experience and skill, and in a manner that prevented duplication of work. See Exh. 2 (Grossman decl.) at ¶¶ 9-10.

In preparing this fee petition, Mr. Grossman exercised billing judgment and thereby eliminated approximately 36 hours incurred by counsel (or 6% of the total hours). See Exh. 2 (Grossman decl.) at ¶¶ 12-13.

**B.    The reasonable hourly rates.**

Fee calculations under § 1988 use "the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum v. Stenson, 465 U.S. 886, 895 (1984). For nonprofit counsel, the proper hourly rate is "the rate charged by lawyers in the community of reasonably comparable skill, experience, and reputation." People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310 (7th Cir. 1996). Courts "should defer to the out-of-town attorney's rate when calculating the lodestar amount," unless "there is reason to believe that services of equal quality were readily available at a lower charge or rate in the area where the services were rendered." Mathur v. Board of Trustees of SIU, 317 F.3d 738, 744 (7th Cir. 2003).

Here, plaintiffs seek the following hourly rates for their RBF counsel: $315 for Mr. Grossman for work performed before January 2003; $350 for Mr. Grossman for work performed after January 2003; $300 for Ms. Whicher; $210 for Mr. Schwartz; and $150 for Ms. Chung and Mr. Varas.

It is reasonable to use the Chicago-based rates of plaintiffs' RBF counsel. First, the three RBF attorneys who performed 84% of plaintiffs' appellate work (Mr. Grossman, Ms. Whicher, and Mr. Schwartz) also worked on the trial court phase of this lawsuit, and thus had substantial knowledge of the relevant law, facts, and procedural posture. This continuity of representation contributed to the efficient use of counsel's time. See Exh. 2 (Grossman decl.) at ¶ 9. Second, plaintiffs were unable to obtain local counsel for the

6

trial court phase of this litigation. Id. at ¶¶ 7-9. Thus, earlier in this litigation, this Court calculated plaintiffs' attorney fees based on RBF counsel's Chicago rates. See Exh. 3 (Order of April 8, 2003) at pp. 5-6.

Moreover, the proposed hourly rates of plaintiffs' counsel are reasonable, compared to lawyers of similar skill and experience in the Chicago legal market. First, hourly rates previously set by a court for a particular lawyer, as increased to account for the passage of time, are relevant evidence of reasonable hourly rates. People Who Care, 90 F.3d 1307 at 1312. Earlier in this litigation, this Court approved hourly rates of $315 for Mr. Grossman, $300 for Ms. Whicher, and $170 for Mr. Schwartz. See Exh. 3 (Order of April 8, 2003) at pp. 5-6. Second, the attached declaration of Mr. Grossman sets forth the skill and experience of these RBF attorneys, and describes the approval of these hourly rates by RBF General Counsel. See Exh. 2 (Grossman decl.) at ¶¶ 14-18. Third, attached hereto is the declaration of Edward W. Feldman, who is knowledgeable about the hourly rates charged in the current Chicago legal market. It states that the foregoing RBF rates are well within the Chicago market rates for counsel with comparable skill and experience – and indeed, that these rates are at the low end of the market. See Exh. 4 (Feldman decl.).

## C. Calculating the lodestar.

Accordingly, the lodestar for counsel's work performed during the appellate phase of this case is $165,409. This figure is the product of the 595.9 hours reasonably expended by plaintiffs' counsel, multiplied by counsel's reasonable hourly rates. See Exh. 5 (lodestar calculation).

7

## III.    **Plaintiffs obtained an excellent result.**

There is a "strong presumption" that the lodestar figure represents a reasonable

fee. Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 565 (1986).

Here, the Seventh Circuit affirmed this Court's decisions regarding (a) Aiken's violation

of the First Amendment, (b) the absence of qualified immunity, (c) the appropriateness of

declaratory relief, and (d) the presence of excusable neglect regarding the day-late fee

petition. See Crue, 370 F.3d at 677, 680-81. Thus, plaintiffs achieved complete success

in their defense on appeal of their declaratory judgment, damages, and attorney fees. All

of the hours for which plaintiffs now seek compensation were reasonably incurred and

were related to this total appellate victory. Accordingly, plaintiffs should be awarded

their entire lodestar for appellate work.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this Court award

them $165,409 in attorney fees for successful and reasonable appellate work.

DATED:  September 3, 2004

Respectfully Submitted,

By: _____
    One of Plaintiffs' Attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
The Roger Baldwin Foundation of ACLU, Inc.
180 N. Michigan Ave., Suite 2300
Chicago, Illinois 60601
(312) 201-9740

8

'For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .................................................................................23538 10/08/02 Research assignment regarding briefs for fees. | | Connie Chung Crue Appeal Research | 150.00 4 | 1.50s | 225.00 |
| .................................................................................22896 10/11/02 Received and reviewed defendant's transmittal filing. | | Jane Whicher Crue Appeal Review | 300.00 4 | 0.10s | 30.00 |
| .................................................................................23470 10/15/02 Reviewed appellate filings. | | H. Grossman Crue Appeal Review | 315.00 4 | 0.30s | 94.50 |
| .................................................................................23471 10/15/02 Research regarding issues of cross appeal | | H. Grossman Crue Appeal Research | 315.00 4 | 1.25s | 393.75 |
| .................................................................................23472 10/15/02 Office conference with J. Whicher regarding cross-appeal. | | H. Grossman Crue Appeal Office conf | 315.00 4 | 0.40s | 126.00 |
| .................................................................................22898 10/15/02 Received and review jurisdictional memo.  Review final order regarding same. | | Jane Whicher Crue Appeal Review | 300.00 4 | 0.10s | 30.00 |
| .................................................................................22899 10/15/02 Reviewed memos and case law and prior briefing regarding declaration relief. | | Jane Whicher Crue Appeal Review | 300.00 4 | 1.40s | 420.00 |
| .................................................................................22901 10/15/02 Office conference with H. Grossman regarding cross-appeal. | | Jane Whicher Crue Appeal Office conf | 300.00 4 | 0.40s | 120.00 |
| .................................................................................23476 10/16/02 Office conference with J. Whicher regarding cross appeal. | | H. Grossman Crue Appeal Office conf | 315.00 4 | 1.00s | 315.00 |

·For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ..............................................................................23477 | | | 315.00 | 0.50s | 157.50 |
| 10/16/02<br>Research regarding declaratory relief and jurisdiction. | | H. Grossman<br>Crue Appeal<br>Research | 4 | | |
| ..............................................................................22903 | | | 300.00 | 1.30s | 390.00 |
| 10/16/02<br>Reviewed mootness and declaration judgment issues and legal<br>research regarding same. | | Jane Whicher<br>Crue Appeal<br>Review | 4 | | |
| ..............................................................................22904 | | | 300.00 | 1.00s | 300.00 |
| 10/16/02<br>Office conference with H. Grossman regarding same. | | Jane Whicher<br>Crue Appeal<br>Office conf | 4 | | |
| ..............................................................................22905 | | | 300.00 | 0.30s | 90.00 |
| 10/16/02<br>Reviewed docket regarding designation of portion of record. | | Jane Whicher<br>Crue Appeal<br>Review | 4 | | |
| ..............................................................................22995 | | | 300.00 | 0.10s | 30.00 |
| 10/28/02<br>Received and reviewed jurisdictional memorandum. | | Jane Whicher<br>Crue Appeal<br>Review | 4 | | |
| ..............................................................................22989 | | | 300.00 | 1.70s | 510.00 |
| 10/29/02<br>Review authorities cited in defendant's jurisdictional<br>memorandum. | | Jane Whicher<br>Crue Appeal<br>Memo | 4 | | |
| ..............................................................................22991 | | | 300.00 | 0.10s | 30.00 |
| 10/30/02<br>Reviewed 10/28 order and email regarding same to H.<br>Grossman. | | Jane Whicher<br>Crue Appeal<br>Review | 4 | | |
| ..............................................................................22993 | | | 300.00 | 0.40s | 120.00 |
| 10/30/02<br>Reviewed selected district court filings regarding jurisdicational<br>statement response. | | Jane Whicher<br>Crue Appeal<br>Review | 4 | | |
| ..............................................................................22994 | | | 300.00 | 1.00s | 300.00 |
| 10/30/02<br>Began draft of response to and legal research for same. | | Jane Whicher<br>Crue Appeal<br>Draft | 4 | | |

·For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ..........................................................................23446 | | | 315.00 | 0.50s | 157.50 |
| 10/31/02 | | H. Grossman | 4 | | |
| Reviewed of defendants jurisdictional statement. | | Crue Appeal | | | |
| | | Review | | | |
| ..........................................................................23447 | | | 315.00 | 0.75s | 236.25 |
| 10/31/02 | | H. Grossman | 4 | | |
| Research regarding same. | | Crue Appeal | | | |
| | | Research | | | |
| ..........................................................................23448 | | | 315.00 | 0.50s | 157.50 |
| 10/31/02 | | H. Grossman | 4 | | |
| Office conference with J. Whicher regarding our response | | Crue Appeal | | | |
| brief. | | Office conf | | | |
| ..........................................................................23390 | | | 300.00 | 3.40s | 1020.00 |
| 10/31/02 | | Jane Whicher | 4 | | |
| Reviewed cases regarding Rule 58 waiver and declaratory | | Crue Appeal | | | |
| judgment. | | Review | | | |
| ..........................................................................23391 | | | 300.00 | 0.50s | 150.00 |
| 10/31/02 | | Jane Whicher | 4 | | |
| Office conference with H. Grossman regarding appellate issues. | | Crue Appeal | | | |
| | | Office conf | | | |
| ..........................................................................23392 | | | 300.00 | 1.30s | 390.00 |
| 11/01/02 | | Jane Whicher | 4 | | |
| Drafted response per court order. | | Crue Appeal | | | |
| | | Draft | | | |
| ..........................................................................23393 | | | 300.00 | 1.90s | 570.00 |
| 11/01/02 | | Jane Whicher | 4 | | |
| Revised and rewrote same and additional legal research | | Crue Appeal | | | |
| regarding waiver. | | Revise | | | |
| ..........................................................................23626 | | | 300.00 | 0.30s | 90.00 |
| 11/04/02 | | Jane Whicher | 4 | | |
| Finalize proof and edits. | | Crue Appeal | | | |
| | | Finalize | | | |
| ..........................................................................25213 | | | 315.00 | 0.90s | 283.50 |
| 11/14/02 | | H. Grossman | 4 | | |
| Telephone conference with 7th Circuit settlement attorney. | | Crue Appeal | | | |
| | | Telephone conf | | | |

'For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...............................................................25214 11/14/02 2nd telephone conference with 7th Circuit settlement attorney regarding settlement and $200,000 offer. | | H. Grossman Crue Appeal Telephone conf | 315.00 4 | 0.10s | 31.50 |
| ...............................................................25215 11/14/02 Office conference with C. Connell regarding same. | | H. Grossman Crue Appeal Office conf | 315.00 4 | 0.10s | 31.50 |
| ...............................................................24592 01/03/03 Review recent developments in case law. | | Jane Whicher Crue Appeal Review | 300.00 4 | 0.30s | 90.00 |
| ...............................................................24814 01/23/03 Review new mootness case from 7th Circuit | | Jane Whicher Crue Appeal Review | 300.00 4 | 0.20s | 60.00 |
| ...............................................................25080 02/15/03 Read defendant's brief.  Letter to clients. | | Jane Whicher Crue Appeal read | 300.00 4 | 0.60s | 180.00 |
| ...............................................................25087 02/17/03 Email to, from Kaufman regarding brief. | | Jane Whicher Crue Appeal Email | 300.00 4 | 0.10s | 30.00 |
| ...............................................................25294 02/28/03 Draft Motion to Extend in brief and affidavit. | | Jane Whicher Crue Appeal Draft | 300.00 4 | 0.60s | 180.00 |
| ...............................................................25295 02/28/03 Telephone conference from T. Bishop - no objection to any time in April. | | Jane Whicher Crue Appeal Telephone conf | 300.00 4 | 0.10s | 30.00 |
| ...............................................................25297 02/28/03 Office conference with H. Grossman regarding brief amicus and schedule.  Revise motion and affidavit.  Draft H. Grossman affidavit. | | Jane Whicher Crue Appeal Office conf | 300.00 4 | 1.40s | 420.00 |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ...............................................................25838<br>03/20/03<br>Worked on outline for Brief. | | Jane Whicher<br>Crue Appeal<br>Brief | 300.00<br>4 | 1.20s | 360.00 |
| ...............................................................25849<br>03/28/03<br>Telephone conference with Magda Boyles regarding legal<br>research on declaratory judgment issue. | | Jane Whicher<br>Crue Appeal<br>Telephone conf | 300.00<br>4 | 0.20s | 60.00 |
| ...............................................................25850<br>03/30/03<br>Worked on appeal Memo. | | Jane Whicher<br>Crue Appeal<br>Memo | 300.00<br>4 | 3.50s | 1050.00 |
| ...............................................................25879<br>03/31/03<br>Gather materials for Magda B's legal research.  Draft letter. | | Jane Whicher<br>Crue Appeal<br>Draft | 300.00<br>4 | 0.80s | 240.00 |
| ...............................................................25881<br>03/31/03<br>Worked on outline for response. | | Jane Whicher<br>Crue Appeal<br>Pleadings | 300.00<br>4 | 1.00s | 300.00 |
| ...............................................................25883<br>04/01/03<br>Workedon strategy memo for appeal including revision of<br>prior briefs and key employee speech cases. | | Jane Whicher<br>Crue Appeal<br>Memo | 300.00<br>4 | 2.00s | 600.00 |
| ...............................................................25884<br>04/01/03<br>Continue work on memo including legal research and rewrite<br>memo. | | Jane Whicher<br>Crue Appeal<br>Memo | 300.00<br>4 | 3.50s | 1050.00 |
| ...............................................................25885<br>04/01/03<br>Worked on memo | | Jane Whicher<br>Crue Appeal<br>Memo | 300.00<br>4 | 0.70s | 210.00 |
| ...............................................................25888<br>04/01/03<br>Received, respond to SK email regarding briefs.  Forward with<br>comments to H. Grossman . | | Jane Whicher<br>Crue Appeal<br>Receipt | 300.00<br>4 | 0.30s | 90.00 |

'For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| | .25889 | | 300.00 | 0.50s | 150.00 |
| 04/02/03 Revise memo. | | Jane Whicher Crue Appeal Revise | 4 | | |
| | .25890 | | 300.00 | 1.00s | 300.00 |
| 04/02/03 Read draft Amicus for comments. | | Jane Whicher Crue Appeal read | 4 | | |
| | .25892 | | 300.00 | 0.80s | 240.00 |
| 04/02/03 Finalize memo regarding overview of our brief and response to defendant's brief. | | Jane Whicher Crue Appeal Finalize | 4 | | |
| | .28905 | | 150.00 | 0.15s | 22.50 |
| 04/03/03 Office conference with J. Whicher to discuss research assignment | | Chris Varas Crue Appeal Office conf | 4 | | |
| | .28906 | | 150.00 | 6.75s | 1012.50 |
| 04/03/03 Reviewing appellate brief to begin legal research | | Chris Varas Crue Appeal Review | 3 | | |
| | .28815 | | 350.00 | 0.50s | 175.00 |
| 04/03/03 Review of appeal brief | | H. Grossman Crue Appeal Review | 5 | | |
| | .28816 | | 350.00 | 0.20s | 70.00 |
| 04/03/03 Office conference with J. Whicher regarding same | | H. Grossman Crue Appeal Office conf | 5 | | |
| | .25893 | | 300.00 | 1.20s | 360.00 |
| 04/03/03 Begin draft of facts for brief. | | Jane Whicher Crue Appeal Draft | 4 | | |
| | .25894 | | 300.00 | 0.20s | 60.00 |
| 04/03/03 Office conference with C. Varas regarding legal research needed. | | Jane Whicher Crue Appeal Office conf | 4 | | |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ......................................................................25895 | | | 300.00 | 0.20s | 60.00 |
| 04/03/03 | | Jane Whicher | 4 | | |
| Office conference with H. Grossman regarding brief. | | Crue Appeal Office conf | | | |
| ......................................................................25903 | | | 300.00 | 0.20s | 60.00 |
| 04/04/03 | | Jane Whicher | 4 | | |
| Office conference with Chris Varas regarding legal research project and preliminary results. | | Crue Appeal Office conf | | | |
| ......................................................................28909 | | | 150.00 | 1.05s | 157.50 |
| 04/08/03 | | Chris Varas | 4 | | |
| Reviewing deposition and trial transcripts | | Crue Appeal Review | | | |
| ......................................................................28910 | | | 150.00 | 3.40s | 510.00 |
| 04/08/03 | | Chris Varas | 4 | | |
| Drafting memo regarding status of Cyd Crue | | Crue Appeal Draft | | | |
| ......................................................................28912 | | | 150.00 | 6.50s | 975.00 |
| 04/09/03 | | Chris Varas | 4 | | |
| Drafting memo regarding status of Cyd Crue | | Crue Appeal Draft | | | |
| ......................................................................25924 | | | 300.00 | 1.20s | 360.00 |
| 04/09/03 | | Jane Whicher | 4 | | |
| Work on fact and record review. | | Crue Appeal Pleadings | | | |
| ......................................................................28914 | | | 150.00 | 4.00s | 600.00 |
| 04/10/03 | | Chris Varas | 4 | | |
| Revising student/employee memo | | Crue Appeal Memo | | | |
| ......................................................................28915 | | | 150.00 | 0.30s | 45.00 |
| 04/10/03 | | Chris Varas | 4 | | |
| Office conference with J. Whicher regarding qualified immunity assignment | | Crue Appeal Office conf | | | |
| ......................................................................25925 | | | 300.00 | 2.80s | 840.00 |
| 04/10/03 | | Jane Whicher | 4 | | |
| Finish assessment of defendant facts in brief and record review. | | Crue Appeal Pleadings | | | |

·For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| 04/10/03 Office conference with Chris Varas regarding qualified immunity legal research. | 25926 | Jane Whicher Crue Appeal Office conf | 300.00 4 | 0.30s | 90.00 |
| 04/10/03 Review Chris Varas' memo regarding students/employees. | 25927 | Jane Whicher Crue Appeal Review | 300.00 4 | 0.70s | 210.00 |
| 04/11/03 Reviewing qualified immunity arguments | 28919 | Chris Varas Crue Appeal Review | 150.00 4 | 3.00s | 450.00 |
| 04/11/03 Review of memo regarding student status | 28830 | H. Grossman Crue Appeal Review | 350.00 5 | 0.25s | 87.50 |
| 04/11/03 Review new qualified immunity case from 7th Circuit. | 25928 | Jane Whicher Crue Appeal Review | 300.00 4 | 0.40s | 120.00 |
| 04/13/03 Begin draft of appellate brief. | 25929 | Jane Whicher Crue Appeal Draft | 300.00 4 | 3.50s | 1050.00 |
| 04/14/03 Office conference with J. Whicher regarding qualified immunity assignment | 28920 | Chris Varas Crue Appeal Office conf | 150.00 4 | 0.15s | 22.50 |
| 04/14/03 Research and drafting write-up on qualified immunity | 28921 | Chris Varas Crue Appeal Research | 150.00 4 | 1.00s | 150.00 |
| 04/14/03 Researching arguments regarding fee appeal | 28922 | Chris Varas Crue Appeal Research | 150.00 4 | 0.35s | 52.50 |

· For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ...........................................................................................28924<br>04/14/03<br>Researching unionization agreement at U of I | | Chris Varas<br>Crue Appeal<br>Research | 150.00<br>4 | 1.50s | 225.00 |
| ...........................................................................................25930<br>04/14/03<br>Telephone conference Magda Boyles regarding capacity. | | Jane Whicher<br>Crue Appeal<br>Telephone conf | 300.00<br>4 | 0.20s | 60.00 |
| ...........................................................................................25946<br>04/14/03<br>Worked on draft brief. | | Jane Whicher<br>Crue Appeal<br>Draft | 300.00<br>4 | 6.50s | 1950.00 |
| ...........................................................................................29822<br>04/14/03<br>Office conference with C. Varas regarding qualified immunity | | Jane Whicher<br>Crue Appeal<br>Office conf | 300.00<br>4 | 0.40s | 120.00 |
| ...........................................................................................28925<br>04/15/03<br>Reviewing employment memo for office conference with J.<br>Whicher and H. Grossman | | Chris Varas<br>Crue Appeal<br>Memo | 150.00<br>4 | 0.45s | 67.50 |
| ...........................................................................................25949<br>04/15/03<br>worked on draft brief. | | Jane Whicher<br>Crue Appeal<br>Draft | 300.00<br>4 | 4.80s | 1440.00 |
| ...........................................................................................25950<br>04/16/03<br>worked on draft brief. | | Jane Whicher<br>Crue Appeal<br>Draft | 300.00<br>4 | 2.20s | 660.00 |
| ...........................................................................................25952<br>04/16/03<br>Worked on draft of brief. | | Jane Whicher<br>Crue Appeal<br>Draft | 300.00<br>4 | 1.00s | 300.00 |
| ...........................................................................................25954<br>04/17/03<br>Telephone conference with counsel for Amicus (.3)<br>Review and comment on draft (.5);<br>Multiple emails with amicus counsel (.4) | | Jane Whicher<br>Crue Appeal<br>Telephone conf | 300.00<br>4 | 1.20s | 360.00 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| | .........25955 | | 300.00 4 | 0.50s | 150.00 |
| 04/17/03 Draft extension motion and supporting declaration. | | Jane Whicher Crue Appeal Draft | | | |
| | .........25956 | | 300.00 4 | 1.80s | 540.00 |
| 04/17/03 Worked on draft of brief. | | Jane Whicher Crue Appeal Draft | | | |
| | .........25957 | | 300.00 4 | 0.40s | 120.00 |
| 04/18/03 Revise draft extenstion motion and telephone call with T. Bishop regarding same. | | Jane Whicher Crue Appeal Revise | | | |
| | .........25958 | | 300.00 4 | 1.30s | 390.00 |
| 04/18/03 Worked on draft of brief. | | Jane Whicher Crue Appeal Draft | | | |
| | .........25959 | | 300.00 4 | 1.50s | 450.00 |
| 04/18/03 Review of Chris Varas memo regarding qualified immunity and legal research regarding same.  Including review of prior briefs. | | Jane Whicher Crue Appeal Review | | | |
| | .........25960 | | 300.00 4 | 1.80s | 540.00 |
| 04/18/03 Begin draft of Q I section. | | Jane Whicher Crue Appeal Draft | | | |
| | .........26036 | | 300.00 4 | 0.30s | 90.00 |
| 04/18/03 Review SCGK memo regarding declaratory judgment. | | Jane Whicher Crue Appeal Review | | | |
| | .........26032 | | 300.00 4 | 3.00s | 900.00 |
| 04/19/03 Review defendant's Q.I. authorities and draft qualified immunity section. | | Jane Whicher Crue Appeal Review | | | |
| | .........26037 | | 300.00 4 | 4.60s | 1380.00 |
| 04/20/03 Revision to brief | | Jane Whicher Crue Appeal Revise | | | |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ...26016 | | | 300.00 | 1.20s | 360.00 |
| 04/23/03 | | Jane Whicher | 4 | | |
| Worked on record and appendix comparsion. | | Crue Appeal | | | |
| | | Other activity | | | |
| ...26033 | | | 300.00 | 1.20s | 360.00 |
| 04/23/03 | | Jane Whicher | 4 | | |
| Work on record and appendix comparison | | Crue Appeal | | | |
| | | Other activity | | | |
| ...26043 | | | 300.00 | 2.50s | 750.00 |
| 04/24/03 | | Jane Whicher | 4 | | |
| Worked on facts and students' speech section of brief. | | Crue Appeal | | | |
| | | Brief | | | |
| ...26044 | | | 300.00 | 6.50s | 1950.00 |
| 04/26/03 | | Jane Whicher | 4 | | |
| Complete rewrite of brief. | | Crue Appeal | | | |
| | | Brief | | | |
| ...29828 | | | 350.00 | 0.40s | 140.00 |
| 04/27/03 | | H. Grossman | 5 | | |
| Office conference with J. Whicher regarding brief | | Crue Appeal | | | |
| | | Office conf | | | |
| ...26045 | | | 300.00 | 4.50s | 1350.00 |
| 04/27/03 | | Jane Whicher | 4 | | |
| Legal Research regarding compliance with circuit rule | | Crue Appeal | | | |
| regarding fact statements (6.) | | Research | | | |
| Legal Research regarding appeal issues and Office conference | | | | | |
| with H. Grossman regarding same (.4). | | | | | |
| ...28837 | | | 350.00 | 1.50s | 525.00 |
| 04/28/03 | | H. Grossman | 5 | | |
| Research regarding cross-appeals and motion | | Crue Appeal | | | |
| | | Research | | | |
| ...26046 | | | 300.00 | 3.20s | 960.00 |
| 04/28/03 | | Jane Whicher | 4 | | |
| Continue revisions to brief. | | Crue Appeal | | | |
| | | Revise | | | |
| ...28836 | | | 350.00 | 1.25s | 437.50 |
| 04/30/03 | | H. Grossman | 5 | | |
| Reviewing and rewriting brief | | Crue Appeal | | | |
| | | Review | | | |

· For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .................................................................28839 05/01/03 Reviewing and rewriting brief; developing factual arguments | | H. Grossman Crue Appeal Review | 350.00 5 | 1.25s | 437.50 |
| .................................................................26050 05/01/03 Review appeal legal research and additional legal research regarding declaratory judgment and mootness. | | Jane Whicher Crue Appeal Review | 300.00 4 | 1.40s | 420.00 |
| .................................................................26051 05/01/03 Telephone conference with Cydney Crue regarding her financial aid package. | | Jane Whicher Crue Appeal Telephone conf | 300.00 4 | 0.30s | 90.00 |
| .................................................................28841 05/05/03 Reviewing record | | H. Grossman Crue Appeal Review | 350.00 5 | 3.50s | 1225.00 |
| .................................................................26055 05/06/03 Meeting with assistant regarding technical requirement for brief. | | Jane Whicher Crue Appeal Meeting | 300.00 4 | 0.20s | 60.00 |
| .................................................................26056 05/06/03 Worked on technical aspects of brief, including additional motion to obtain record, correction of formats, etc. | | Jane Whicher Crue Appeal Brief | 300.00 4 | 1.30s | 390.00 |
| .................................................................26057 05/06/03 Worked on legal research for facts/summary judgment argument. | | Jane Whicher Crue Appeal Research | 300.00 4 | 0.80s | 240.00 |
| .................................................................28844 05/07/03 Rewriting brief | | H. Grossman Crue Appeal Edit | 350.00 5 | 4.00s | 1400.00 |
| .................................................................28845 05/07/03 Rule 5b rewrite | | H. Grossman Crue Appeal Edit | 350.00 5 | 1.75s | 612.50 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ..........................................................................................28846<br>05/08/03<br>Researching NTEU cases | | H. Grossman<br>Crue Appeal<br>Research | 350.00<br>5 | 1.10s | 385.00 |
| ..........................................................................................28847<br>05/08/03<br>Rewriting brief | | H. Grossman<br>Crue Appeal<br>Edit | 350.00<br>5 | 1.50s | 525.00 |
| ..........................................................................................26060<br>05/08/03<br>Worked on revisions to facts including record cites. | | Jane Whicher<br>Crue Appeal<br>Revise | 300.00<br>4 | 2.20s | 660.00 |
| ..........................................................................................26062<br>05/08/03<br>Received and reviewed notice of fees appeal and email H.<br>Grossman regarding same | | Jane Whicher<br>Crue Appeal<br>Receipt | 300.00<br>4 | 0.20s | 60.00 |
| ..........................................................................................28849<br>05/09/03<br>Researching facts and reviewing record | | H. Grossman<br>Crue Appeal<br>Research | 350.00<br>5 | 4.00s | 1400.00 |
| ..........................................................................................28850<br>05/09/03<br>Writing brief | | H. Grossman<br>Crue Appeal<br>Brief | 350.00<br>5 | 3.50s | 1225.00 |
| ..........................................................................................29829<br>05/09/03<br>Office conference with J. Whicher regarding brief | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 1.00s | 350.00 |
| ..........................................................................................26063<br>05/09/03<br>Office conference with H. Grossman regarding his comments<br>on brief | | Jane Whicher<br>Crue Appeal<br>Office conf | 300.00<br>4 | 1.00s | 300.00 |
| ..........................................................................................26064<br>05/09/03<br>Complete rewrite and reorder of brief. | | Jane Whicher<br>Crue Appeal<br>Brief | 300.00<br>4 | 6.20s | 1860.00 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| .............................................................................26066 | | | 300.00 | 1.50s | 450.00 |
| 05/11/03 | | Jane Whicher | 4 | | |
| Worked on revisions to brief | | Crue Appeal | | | |
| | | Revise | | | |
| .............................................................................26067 | | | 300.00 | 4.00s | 1200.00 |
| 05/11/03 | | Jane Whicher | 4 | | |
| Worked on revisions to brief. | | Crue Appeal | | | |
| | | Revise | | | |
| .............................................................................29824 | | | 150.00 | 0.40s | 60.00 |
| 05/12/03 | | Chris Varas | 4 | | |
| Office conference with J. Whicher and H. Grossman regarding | | Crue Appeal | | | |
| draft brief | | Office conf | | | |
| .............................................................................28851 | | | 350.00 | 1.00s | 350.00 |
| 05/12/03 | | H. Grossman | 5 | | |
| Research regarding Rule 56 | | Crue Appeal | | | |
| | | Research | | | |
| .............................................................................28852 | | | 350.00 | 2.50s | 875.00 |
| 05/12/03 | | H. Grossman | 5 | | |
| Reviewing brief and rewriting comments | | Crue Appeal | | | |
| | | Review | | | |
| .............................................................................29823 | | | 350.00 | 0.40s | 140.00 |
| 05/12/03 | | H. Grossman | 5 | | |
| Office conference with J. Whicher and C. Varas regarding | | Crue Appeal | | | |
| draft brief | | Office conf | | | |
| .............................................................................26068 | | | 300.00 | 0.40s | 120.00 |
| 05/12/03 | | Jane Whicher | 4 | | |
| Meeting with H. Grossman and Chris Varas regarding status of | | Crue Appeal | | | |
| draft etc. | | Meeting | | | |
| .............................................................................26069 | | | 300.00 | 3.80s | 1140.00 |
| 05/12/03 | | Jane Whicher | 4 | | |
| Revisions to brief. | | Crue Appeal | | | |
| | | Revise | | | |
| .............................................................................28853 | | | 350.00 | 3.00s | 1050.00 |
| 05/13/03 | | H. Grossman | 5 | | |
| Office conference with J. Whicher and C. Varas regarding | | Crue Appeal | | | |
| brief strategy | | Office conf | | | |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| .............................................................................26071<br>05/13/03<br>Meeting with H. Grossman, Chris Varas regarding brief | | Jane Whicher<br>Crue Appeal<br>Meeting | 300.00<br>4 | 3.00s | 900.00 |
| .............................................................................26072<br>05/13/03<br>Telephone conference with Cydney Crue and memo regarding<br>same. | | Jane Whicher<br>Crue Appeal<br>Telephone conf | 300.00<br>4 | 0.70s | 210.00 |
| .............................................................................26073<br>05/13/03<br>Worked on fact section of brief. | | Jane Whicher<br>Crue Appeal<br>Brief | 300.00<br>4 | 0.70s | 210.00 |
| .............................................................................26074<br>05/13/03<br>Worked on fact section of brief and review NTEU section. | | Jane Whicher<br>Crue Appeal<br>Brief | 300.00<br>4 | 1.50s | 450.00 |
| .............................................................................26075<br>05/14/03<br>Worked on fact section and rewrite R.28 section. | | Jane Whicher<br>Crue Appeal<br>Brief | 300.00<br>4 | 3.20s | 960.00 |
| .............................................................................26076<br>05/14/03<br>Status memo and list of outstanding issues. | | Jane Whicher<br>Crue Appeal<br>Memo | 300.00<br>4 | 1.80s | 540.00 |
| .............................................................................28875<br>05/30/03<br>Telephone conference with T. Bishop regarding Rule 33<br>conference | | H. Grossman<br>Crue Appeal<br>Telephone conf | 350.00<br>5 | 0.10s | 35.00 |
| .............................................................................28876<br>05/30/03<br>Reviewing and rewriting declaratory and injunctive relief<br>sections of brief | | H. Grossman<br>Crue Appeal<br>Review | 350.00<br>5 | 0.75s | 262.50 |
| .............................................................................26958<br>06/03/03<br>Discussed appellate brief revisions with Harvey Grossman. | | Chris Varas<br>Crue Appeal<br>Office conf | 150.00<br>4 | 0.40s | 60.00 |

· For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........................................................................26987 06/24/03 Rewrite R. 30 section of brief. | | Jane Whicher Crue Appeal Other activity | 300.00 4 | 2.70s | 810.00 |
| .........................................................................26988 06/24/03 Worked on record/appendix comparison. | | Jane Whicher Crue Appeal Other activity | 300.00 4 | 2.00s | 600.00 |
| .........................................................................26989 06/25/03 Review of record materials and worked on R. 28 issues. | | Jane Whicher Crue Appeal Review | 300.00 4 | 1.70s | 510.00 |
| .........................................................................28897 06/26/03 Court conference on settlement | | H. Grossman Crue Appeal Conference | 350.00 5 | 1.10s | 385.00 |
| .........................................................................29830 06/26/03 Office conference with J. Whicher regarding record on appeal | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.30s | 105.00 |
| .........................................................................29831 06/26/03 Office conference with C. Varas regarding class issues | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.25s | 87.50 |
| .........................................................................26990 06/26/03 Continue review of record materials and worked on R. 28 issues. | | Jane Whicher Crue Appeal Continue | 300.00 4 | 1.50s | 450.00 |
| .........................................................................26991 06/26/03 Office conference with H. Grossman, Justine (law student) regarding record review. | | Jane Whicher Crue Appeal Office conf | 300.00 4 | 0.30s | 90.00 |
| .........................................................................26992 06/26/03 Worked on QI facts. | | Jane Whicher Crue Appeal Other activity | 300.00 4 | 3.40s | 1020.00 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| | 26994 | | 300.00 | 0.20s | 60.00 |
| 06/30/03<br>Meeting with law student regarding factual record. | | Jane Whicher<br>Crue Appeal<br>Meeting | 4 | | |
| | 26995 | | 300.00 | 2.00s | 600.00 |
| 06/30/03<br>Worked on qualified immunity theories including legal<br>research regarding record facts. | | Jane Whicher<br>Crue Appeal<br>Other activity | 4 | | |
| | 27136 | | 150.00 | 0.10s | 15.00 |
| 07/14/03<br>Revised draft of appellate brief. | | Chris Varas<br>Crue Appeal<br>Revise | 4 | | |
| | 27137 | | 150.00 | 4.75s | 712.50 |
| 07/15/03<br>Revised draft of appellate brief. | | Chris Varas<br>Crue Appeal<br>Revise | 4 | | |
| | 27176 | | 300.00 | 4.20s | 1260.00 |
| 07/23/03<br>worked on rewrites and revisions to brief. | | Jane Whicher<br>Crue Appeal<br>Revise | 4 | | |
| | 27178 | | 300.00 | 3.80s | 1140.00 |
| 07/24/03<br>Continue rewrites and revisions | | Jane Whicher<br>Crue Appeal<br>Revise | 4 | | |
| | 27152 | | 150.00 | 1.80s | 270.00 |
| 07/25/03<br>Researched class action denial | | Chris Varas<br>Crue Appeal<br>Research | 4 | | |
| | 27179 | | 300.00 | 3.00s | 900.00 |
| 07/25/03<br>Complete rewrites and revisions to draft. | | Jane Whicher<br>Crue Appeal<br>Complete | 4 | | |
| | 27153 | | 150.00 | 3.40s | 510.00 |
| 07/28/03<br>Researched class action denial. | | Chris Varas<br>Crue Appeal<br>Research | 4 | | |

· For time: s=spent  u=unbillable e=estimated v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ............................................................27154 07/28/03 Discussed class certification with Jane Whicher | | Chris Varas Crue Appeal Office conf | 150.00 4 | 0.25s | 37.50 |
| ............................................................27180 07/28/03 Legal research recent NTEU cases. | | Jane Whicher Crue Appeal Research | 300.00 4 | 1.30s | 390.00 |
| ............................................................27182 07/28/03 Office conference with Chris Varas regarding class certification questions. | | Jane Whicher Crue Appeal Office conf | 300.00 4 | 0.30s | 90.00 |
| ............................................................27156 07/29/03 Discussed class certification with Harvey Grossman. | | Chris Varas Crue Appeal Office conf | 150.00 4 | 0.25s | 37.50 |
| ............................................................27183 07/29/03 Review and edit current draft circulate to H. Grossman and Chris Varas. | | Jane Whicher Crue Appeal Review | 300.00 4 | 2.80s | 840.00 |
| ............................................................27158 07/30/03 Worked on class action certification issue - .8 hours | | Chris Varas Crue Appeal Other activity | 0.00 | 0.00s | 0.00 |
| ............................................................27184 07/30/03 Review record fact materials regarding student/t.a. status. | | Jane Whicher Crue Appeal Review | 300.00 4 | 0.50s | 150.00 |
| ............................................................27159 07/31/03 Drafted short memo on class certification. | | Chris Varas Crue Appeal Draft | 150.00 4 | 1.30s | 195.00 |
| ............................................................27161 07/31/03 Discussed scheduling with H. Grossman J. Whicher | | Chris Varas Crue Appeal Office conf | 150.00 4 | 0.25s | 37.50 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ............................................................27162 | | | 150.00 | 0.00s | 0.00 |
| 07/31/03 | | Chris Varas | 4 | | |
| Revised class certification brief - 1.0 hour | | Crue Appeal | | | |
| | | Revise | | | |
| ............................................................29832 | | | 350.00 | 0.25s | 87.50 |
| 07/31/03 | | H. Grossman | 5 | | |
| Office conference with C. Varas and J. Whicher | | Crue Appeal | | | |
| | | Office conf | | | |
| ............................................................27187 | | | 300.00 | 0.50s | 150.00 |
| 07/31/03 | | Jane Whicher | 4 | | |
| Legal research regarding provisional relief and fees. | | Crue Appeal | | | |
| | | Research | | | |
| ............................................................29833 | | | 300.00 | 0.25s | 75.00 |
| 07/31/03 | | Jane Whicher | 4 | | |
| Office conference with H. Grossman and C. Varas regarding | | Crue Appeal | | | |
| deadlines | | Office conf | | | |
| ............................................................27163 | | | 150.00 | 0.00s | 0.00 |
| 08/01/03 | | Chris Varas | 4 | | |
| Revised class certification brief - .6 hours | | Crue Appeal | | | |
| | | Revise | | | |
| ............................................................27188 | | | 300.00 | 2.50s | 750.00 |
| 08/01/03 | | Jane Whicher | 4 | | |
| Work on refinements of draft. | | Crue Appeal | | | |
| | | Other activity | | | |
| ............................................................27256 | | | 150.00 | 1.80s | 270.00 |
| 08/04/03 | | Chris Varas | 4 | | |
| Reviewed and revised appellate brief draft. | | Crue Appeal | | | |
| | | Review | | | |
| ............................................................27189 | | | 300.00 | 0.30s | 90.00 |
| 08/04/03 | | Jane Whicher | 4 | | |
| Review Chris Varas draft regarding class certification. | | Crue Appeal | | | |
| | | Review | | | |
| ............................................................27190 | | | 300.00 | 2.50s | 750.00 |
| 08/04/03 | | Jane Whicher | 4 | | |
| Work on refinements of brief. | | Crue Appeal | | | |
| | | Brief | | | |

· For time: s=spent  u=unbillable e=estimated v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ............................................................27191 | | | 300.00 | 0.40s | 120.00 |
| 08/04/03 | | Jane Whicher | 4 | | |
| Review new fees opinion from 7th Circuit. | | Crue Appeal Review | | | |
| ............................................................27284 | | | 150.00 | 3.80s | 570.00 |
| 08/06/03 | | Chris Varas | 4 | | |
| Revised appellate brief. | | Crue Appeal Revise | | | |
| ............................................................29400 | | | 350.00 | 1.25s | 437.50 |
| 08/06/03 | | H. Grossman | 5 | | |
| Reviewing and rewriting brief | | Crue Appeal Review | | | |
| ............................................................27192 | | | 300.00 | 1.80s | 540.00 |
| 08/06/03 | | Jane Whicher | 4 | | |
| Continue working on brief. | | Crue Appeal Continue | | | |
| ............................................................27193 | | | 300.00 | 0.90s | 270.00 |
| 08/06/03 | | Jane Whicher | 4 | | |
| Begin draft motion to strike. | | Crue Appeal Draft | | | |
| ............................................................27286 | | | 150.00 | 3.00s | 450.00 |
| 08/07/03 | | Chris Varas | 4 | | |
| Revised appellate brief. | | Crue Appeal Revise | | | |
| ............................................................29401 | | | 350.00 | 0.75s | 262.50 |
| 08/07/03 | | H. Grossman | 5 | | |
| Reviewing and rewriting brief | | Crue Appeal Review | | | |
| ............................................................27194 | | | 300.00 | 1.00s | 300.00 |
| 08/07/03 | | Jane Whicher | 4 | | |
| Work on draft of motion to strike. | | Crue Appeal Draft | | | |
| ............................................................27195 | | | 300.00 | 1.20s | 360.00 |
| 08/07/03 | | Jane Whicher | 4 | | |
| Work on record issues. | | Crue Appeal Other activity | | | |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .................................................27290 08/08/03 Revised appellate brief. | | Chris Varas Crue Appeal Revise | 150.00 4 | 0.20s | 30.00 |
| .................................................27196 08/08/03 Draft and revise motion to strike. | | Jane Whicher Crue Appeal Draft | 300.00 4 | 5.90s | 1770.00 |
| .................................................29402 08/11/03 Review draft brief | | H. Grossman Crue Appeal Review | 350.00 5 | 2.25s | 787.50 |
| .................................................29403 08/12/03 Reviewing and rewriting brief | | H. Grossman Crue Appeal Review | 350.00 5 | 4.00s | 1400.00 |
| .................................................27197 08/12/03 Revision to motion to strike. | | Jane Whicher Crue Appeal Revise | 300.00 4 | 2.10s | 630.00 |
| .................................................27199 08/12/03 Prepare for meeting on brief. | | Jane Whicher Crue Appeal Preparations | 300.00 4 | 0.60s | 180.00 |
| .................................................29404 08/13/03 Office conference with J. Whicher and C. Varas regarding rewriting brief | | H. Grossman Crue Appeal Office conf | 350.00 5 | 3.00s | 1050.00 |
| .................................................27200 08/13/03 Meeting with H. Grossman and Chris Varas regarding brief. | | Jane Whicher Crue Appeal Meeting | 300.00 4 | 3.00s | 900.00 |
| .................................................27203 08/13/03 Review materials regarding revisions to brief. | | Jane Whicher Crue Appeal Review | 300.00 4 | 1.20s | 360.00 |

Date 09/01/04   1:01-cv-01144-MMM   #Roger Baldwin Foundation of ACLU
Time 2:22 pm                                    Page 300 of 739
                                                Detail Slip Listing                                    Page 24

. For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ....................27201 | | | 300.00 | 1.50s | 450.00 |
| 08/14/03 | | Jane Whicher | 4 | | |
| Meeting with H. Grossman and Chris Varas regarding brief. | | Crue Appeal Meeting | | | |
| ....................29825 | | | 150.00 | 0.90s | 135.00 |
| 08/18/03 | | Chris Varas | 4 | | |
| Office conference with J. Whicher regarding brief | | Crue Appeal Office conf | | | |
| ....................27204 | | | 300.00 | 3.00s | 900.00 |
| 08/18/03 | | Jane Whicher | 4 | | |
| Work on revisions to brief including review of cases from Chris Varas and review of notes from meetings. | | Crue Appeal Revise | | | |
| ....................27205 | | | 300.00 | 1.00s | 300.00 |
| 08/18/03 | | Jane Whicher | 4 | | |
| Prepare for meeting with Chris Varas. Review new section by Chris Varas. | | Crue Appeal Preparations | | | |
| ....................27206 | | | 300.00 | 0.90s | 270.00 |
| 08/18/03 | | Jane Whicher | 4 | | |
| Meeting with Chris Varas regarding his section. | | Crue Appeal Meeting | | | |
| ....................27207 | | | 300.00 | 1.50s | 450.00 |
| 08/19/03 | | Jane Whicher | 4 | | |
| Continue to work on revisions. | | Crue Appeal Continue | | | |
| ....................27264 | | | 300.00 | 3.50s | 1050.00 |
| 08/19/03 | | Jane Whicher | 4 | | |
| Work on revisions to brief. | | Crue Appeal Revise | | | |
| ....................27208 | | | 300.00 | 6.30s | 1890.00 |
| 08/20/03 | | Jane Whicher | 4 | | |
| Work on draft including review of Chris Varas cases regarding waiver and incorporate H. Grossman comments from meeting. | | Crue Appeal Draft | | | |
| ....................27265 | | | 300.00 | 0.30s | 90.00 |
| 08/20/03 | | Jane Whicher | 4 | | |
| Telephone conference with A. Springer of AAUP regarding Amicus. | | Crue Appeal Telephone conf | | | |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...................................................................27268 | | | 300.00 | 0.90s | 270.00 |
| 08/25/03 Reviewed Chris Varas memos regarding waiver and regarding Qualified Immunity. | | Jane Whicher Crue Appeal Review | 4 | | |
| ...................................................................27269 | | | 300.00 | 0.70s | 210.00 |
| 08/25/03 Work on revisions to Q & I section of brief. | | Jane Whicher Crue Appeal Revise | 4 | | |
| ...................................................................27270 | | | 300.00 | 0.50s | 150.00 |
| 08/25/03 Review M.S. memo regarding fees question. | | Jane Whicher Crue Appeal Review | 4 | | |
| ...................................................................27275 | | | 300.00 | 6.80s | 2040.00 |
| 08/25/03 Work on rewrite of brief including Westlaw Research. | | Jane Whicher Crue Appeal Research | 4 | | |
| ...................................................................27276 | | | 300.00 | 7.20s | 2160.00 |
| 08/26/03 Work on rewrite of brief including Weslaw Research. | | Jane Whicher Crue Appeal Research | 4 | | |
| ...................................................................27277 | | | 300.00 | 4.60s | 1380.00 |
| 08/27/03 Continue to revise draft. | | Jane Whicher Crue Appeal Continue | 4 | | |
| ...................................................................27278 | | | 300.00 | 0.50s | 150.00 |
| 08/27/03 Review defendant's fees appeal brief. | | Jane Whicher Crue Appeal Review | 4 | | |
| ...................................................................27279 | | | 300.00 | 0.60s | 180.00 |
| 08/27/03 Review Chris Varas legal research and draft regarding duty to investigate; memo to Chris Varas regarding same. | | Jane Whicher Crue Appeal Review | 4 | | |
| ...................................................................27281 | | | 300.00 | 1.30s | 390.00 |
| 08/28/03 Work on fact rewrite issues, summary. | | Jane Whicher Crue Appeal Other activity | 4 | | |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ..............................................................................27266<br>08/30/03<br>Research NCAA rules and rewrite facts section. | | Jane Whicher<br>Crue Appeal<br>Research | 300.00<br>4 | 3.50s | 1050.00 |
| ..............................................................................27267<br>08/31/03<br>Continue rewrite to brief. | | Jane Whicher<br>Crue Appeal<br>Continue | 300.00<br>4 | 4.70s | 1410.00 |
| ..............................................................................27272<br>09/02/03<br>Review memo regarding speech/retaliation post Umbehr and cases cited. | | Jane Whicher<br>Crue Appeal<br>Review | 300.00<br>4 | 1.20s | 360.00 |
| ..............................................................................29405<br>09/08/03<br>Reviewing and rewriting brief | | H. Grossman<br>Crue Appeal<br>Review | 350.00<br>5 | 5.50s | 1925.00 |
| ..............................................................................29406<br>09/08/03<br>Office conference with J. Whicher regarding brief edits | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 0.50s | 175.00 |
| ..............................................................................29827<br>09/08/03<br>Office conference with H. Grossman regarding revisions | | Jane Whicher<br>Crue Appeal<br>Office conf | 300.00<br>4 | 0.50s | 150.00 |
| ..............................................................................29826<br>09/09/03<br>Office conference with H. Grossman regarding revisions | | Chris Varas<br>Crue Appeal<br>Office conf | 150.00<br>4 | 0.20s | 30.00 |
| ..............................................................................29407<br>09/09/03<br>Office conference with C. Varas regarding brief edits | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 0.20s | 70.00 |
| ..............................................................................27982<br>09/15/03<br>Analysis of defense fees brief - 1.0 hours | | Adam Schwartz<br>Crue Appeal<br>Analysis | 210.00<br>5 | 0.00s | 0.00 |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...................................................................29408 09/18/03 Attorney fee brief writing and research | | H. Grossman Crue Appeal Draft | 350.00 5 | 1.25s | 437.50 |
| ...................................................................29409 09/18/03 Attorney fee briefing | | H. Grossman Crue Appeal Draft | 350.00 5 | 1.50s | 525.00 |
| ...................................................................29786 09/24/03 Attorney fee research | | H. Grossman Crue Appeal Research | 350.00 5 | 4.75s | 1662.50 |
| ...................................................................29787 09/25/03 Restructuring breif from metrist back to end | | H. Grossman Crue Appeal Review | 350.00 5 | 1.50s | 525.00 |
| ...................................................................29788 09/26/03 Rewriting student section | | H. Grossman Crue Appeal Review | 350.00 5 | 2.50s | 875.00 |
| ...................................................................29789 09/29/03 Rewriting qualified immunity section | | H. Grossman Crue Appeal Revise | 350.00 5 | 2.00s | 700.00 |
| ...................................................................28048 10/01/03 Analysis of defense brief - 1.7 hours. | | Adam Schwartz Crue Appeal Analysis | 210.00 5 | 0.00s | 0.00 |
| ...................................................................29790 10/01/03 Reviewing and rewriting fact section | | H. Grossman Crue Appeal Review | 350.00 5 | 3.00s | 1050.00 |
| ...................................................................28052 10/02/03 Revisions to fact section. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 1.80s | 378.00 |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ....................28053 10/02/03 Revisions to Crue as student. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 1.10s | 231.00 |
| ....................28054 10/02/03 Revisions to declaratory relief. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 0.70s | 147.00 |
| ....................28055 10/02/03 Revisions to class certification -- 1.5 hours | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 0.00s | 0.00 |
| ....................28056 10/02/03 Revisions to equitable relief. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 1.90s | 399.00 |
| ....................28057 10/02/03 Office conference with H. Grossman regarding all revisions made to brief. | | Adam Schwartz Crue Appeal Office conf | 210.00 5 | 0.80s | 168.00 |
| ....................29791 10/02/03 Rewriting faculty section | | H. Grossman Crue Appeal Review | 350.00 5 | 4.50s | 1575.00 |
| ....................29792 10/02/03 Office conference with A. Schwartz regarding his brief revisions | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.80s | 280.00 |
| ....................29834 10/02/03 Office conference with A. Schwartz regarding revisions | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.80s | 280.00 |
| ....................28059 10/03/03 Revisions throughout brief. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 7.50s | 1575.00 |

, For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ...................................................................28060<br>10/03/03<br>Office conference with H. Grossman regarding same. | | Adam Schwartz<br>Crue Appeal<br>Office conf | 210.00<br>5 | 0.50s | 105.00 |
| ...................................................................29793<br>10/03/03<br>Final rewrite of students section | | H. Grossman<br>Crue Appeal<br>Revise | 350.00<br>5 | 2.00s | 700.00 |
| ...................................................................29794<br>10/03/03<br>Office conference with A. Schwartz regarding revisions | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 0.50s | 175.00 |
| ...................................................................29835<br>10/03/03<br>Office conference with A. Schwartz regarding revisions | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 0.50s | 175.00 |
| ...................................................................28061<br>10/04/03<br>Revisions to brief. | | Adam Schwartz<br>Crue Appeal<br>Revise | 210.00<br>5 | 5.10s | 1071.00 |
| ...................................................................28062<br>10/04/03<br>Office conference with H. Grossman regarding same. | | Adam Schwartz<br>Crue Appeal<br>Office conf | 210.00<br>5 | 0.30s | 63.00 |
| ...................................................................29795<br>10/04/03<br>Rewriting qualified immunity section | | H. Grossman<br>Crue Appeal<br>Revise | 350.00<br>5 | 2.75s | 962.50 |
| ...................................................................29796<br>10/04/03<br>Office conference with A. Schwartz regarding revisions | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 0.30s | 105.00 |
| ...................................................................29836<br>10/04/03<br>Office conference with A. Schwartz regarding brief | | H. Grossman<br>Crue Appeal<br>Office conf | 350.00<br>5 | 0.30s | 105.00 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...................................................................28063 10/05/03 Revisions to brief. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 7.00s | 1470.00 |
| ...................................................................29797 10/05/03 Review of all resvisions to date | | H. Grossman Crue Appeal Review | 350.00 5 | 1.75s | 612.50 |
| ...................................................................28064 10/06/03 Revisions to brief. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 12.00s | 2520.00 |
| ...................................................................29798 10/06/03 Review of all revisions to date | | H. Grossman Crue Appeal Review | 350.00 5 | 3.00s | 1050.00 |
| ...................................................................28066 10/07/03 Revise brief. | | Adam Schwartz Crue Appeal Revise | 210.00 5 | 11.00s | 2310.00 |
| ...................................................................28067 10/07/03 Office conference with H. Grossman regarding same. | | Adam Schwartz Crue Appeal Office conf | 210.00 5 | 0.40s | 84.00 |
| ...................................................................29799 10/07/03 Review of all revisions | | H. Grossman Crue Appeal Review | 350.00 5 | 2.50s | 875.00 |
| ...................................................................29800 10/07/03 Office conference with A. Schwartz regarding same | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.40s | 140.00 |
| ...................................................................29837 10/07/03 Office conference with A. Schwartz regarding brief | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.40s | 140.00 |

Date 09/01/04          1:01-cv-01144-MMM    # 171    Page 37 of 73
Time 2:22 pm                                        Roger Baldwin Foundation of ACLU
                                                    Detail Slip Listing                                                    Page 31

. For time: s=spent  u=unbillable e=estimated v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...........................................................28069 | | | 210.00 5 | 4.00s | 840.00 |
| 10/08/03 Revise brief. | | Adam Schwartz Crue Appeal Revise | | | |
| ...........................................................28070 | | | 210.00 5 | 0.20s | 42.00 |
| 10/08/03 Office conference with H. Grossman regarding same. | | Adam Schwartz Crue Appeal Office conf | | | |
| ...........................................................29801 | | | 350.00 5 | 1.25s | 437.50 |
| 10/08/03 Review of revisions | | H. Grossman Crue Appeal Review | | | |
| ...........................................................29802 | | | 350.00 5 | 0.20s | 70.00 |
| 10/08/03 Office conference with A. Schwartz regarding revisions | | H. Grossman Crue Appeal Office conf | | | |
| ...........................................................29838 | | | 350.00 5 | 0.20s | 70.00 |
| 10/08/03 Office conference with A. Schwartz regarding brief | | H. Grossman Crue Appeal Office conf | | | |
| ...........................................................28118 | | | 210.00 5 | 0.30s | 63.00 |
| 10/17/03 Revisions to motion to strike. | | Adam Schwartz Crue Appeal Revise | | | |
| ...........................................................29410 | | | 350.00 5 | 1.25s | 437.50 |
| 10/17/03 Reviewing and rewriting motion to strike | | H. Grossman Crue Appeal Review | | | |
| ...........................................................29411 | | | 350.00 5 | 0.10s | 35.00 |
| 10/23/03 Telephone call from T. Bishop regarding record on appeal | | H. Grossman Crue Appeal Telephone conf | | | |
| ...........................................................29412 | | | 350.00 5 | 0.10s | 35.00 |
| 10/24/03 Telephone call to Central District clerk regarding trnasfer of record and telephone conference with T. Bishop regarding same. | | H. Grossman Crue Appeal Telephone conf | | | |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ............................................................28177 11/04/03 Read defendant's response to plaintiffs' motion to strike. | | Connie Chung Crue Appeal read | 150.00 4 | 0.50s | 75.00 |
| ............................................................28178 11/04/03 Office conference with H. Grossman regarding Reply to Motion to Strike regarding stragety. | | Connie Chung Crue Appeal Office conf | 150.00 4 | 1.25s | 187.50 |
| ............................................................28179 11/04/03 Research regarding Reply to Motion to Strike. | | Connie Chung Crue Appeal Research | 150.00 4 | 3.50s | 525.00 |
| ............................................................29413 11/04/03 Reviewing defendant's response to motion to strike | | H. Grossman Crue Appeal Review | 350.00 5 | 0.50s | 175.00 |
| ............................................................29414 11/04/03 Office conference with C. Chung regarding strategy and relevant record cites | | H. Grossman Crue Appeal Office conf | 350.00 5 | 1.25s | 437.50 |
| ............................................................29415 11/04/03 Researching regarding boundaries of summary judgment record | | H. Grossman Crue Appeal Research | 350.00 5 | 0.50s | 175.00 |
| ............................................................28180 11/05/03 Research and draft reply. | | Connie Chung Crue Appeal Research | 150.00 4 | 5.10s | 765.00 |
| ............................................................29841 11/05/03 Research and draft reply - 5.1 hours | | Connie Chung Crue Appeal Research | 0.00 6 | 0.00s | 0.00 |
| ............................................................29416 11/05/03 Reviewing record | | H. Grossman Crue Appeal Review | 350.00 5 | 0.75s | 262.50 |

Date 09/01/04    1:01-cv-01144-MMM   # 171   Page 39 of 73
Time 2:22 pm         Roger Baldwin Foundation of ACLU
                         Detail Slip Listing                                    Page 33

· For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ............................................................................28181 | | | 150.00 | 0.50s | 75.00 |
| 11/06/03 | | Connie Chung | 4 | | |
| Office conference with H. Grossman regarding Reply. | | Crue Appeal | | | |
| | | Office conf | | | |
| ............................................................................28182 | | | 150.00 | 7.50s | 1125.00 |
| 11/06/03 | | Connie Chung | 4 | | |
| Work on Reply. | | Crue Appeal | | | |
| | | Misc. | | | |
| ............................................................................29842 | | | 150.00 | 0.00s | 0.00 |
| 11/06/03 | | Connie Chung | 4 | | |
| Work on reply - 6.5 hours | | Crue Appeal | | | |
| | | Misc. | | | |
| ............................................................................29417 | | | 350.00 | 0.50s | 175.00 |
| 11/06/03 | | H. Grossman | 5 | | |
| Office conference with C. Chung | | Crue Appeal | | | |
| | | Office conf | | | |
| ............................................................................28183 | | | 150.00 | 6.00s | 900.00 |
| 11/07/03 | | Connie Chung | 4 | | |
| Work on Reply. | | Crue Appeal | | | |
| | | Misc. | | | |
| ............................................................................29843 | | | 150.00 | 0.00s | 0.00 |
| 11/07/03 | | Connie Chung | 4 | | |
| Work on reply - 6.0 hours | | Crue Appeal | | | |
| | | Miscellaneous | | | |
| ............................................................................28184 | | | 150.00 | 1.75s | 262.50 |
| 11/08/03 | | Connie Chung | 4 | | |
| work on reply | | Crue Appeal | | | |
| | | Misc. | | | |
| ............................................................................28185 | | | 150.00 | 0.50s | 75.00 |
| 11/10/03 | | Connie Chung | 4 | | |
| Office conference with H. Grossman regarding revising reply. | | Crue Appeal | | | |
| | | Office conf | | | |
| ............................................................................28186 | | | 150.00 | 5.50s | 825.00 |
| 11/10/03 | | Connie Chung | 4 | | |
| Revising reply brief. | | Crue Appeal | | | |
| | | Revise | | | |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| | 28189 | | 150.00 4 | 3.10s | 465.00 |
| 11/12/03 work on reply with H. Grossman | | Connie Chung Crue Appeal Misc. | | | |
| | 29423 | | 350.00 5 | 1.25s | 437.50 |
| 11/12/03 Final review | | H. Grossman Crue Appeal Review | | | |
| | 29424 | | 350.00 5 | 2.25s | 787.50 |
| 01/26/04 Prepare for oral argument | | H. Grossman Crue Appeal Oral Argument | | | |
| | 29425 | | 350.00 5 | 3.00s | 1050.00 |
| 01/27/04 Prepare for oral argument | | H. Grossman Crue Appeal Oral Argument | | | |
| | 29426 | | 350.00 5 | 4.25s | 1487.50 |
| 01/28/04 Prepare for oral argument | | H. Grossman Crue Appeal Oral Argument | | | |
| | 29128 | | 210.00 5 | 4.50s | 945.00 |
| 01/30/04 Oral Argument Preparation and assembly of (as second chair and moot judge). Close review of briefs. | | Adam Schwartz Crue Appeal Oral Argument | | | |
| | 29129 | | 210.00 5 | 2.20s | 462.00 |
| 02/02/04 Oral argument Preparation and assembly of (as second chair and moot judge). Close review of briefs. | | Adam Schwartz Crue Appeal Oral Argument | | | |
| | 29130 | | 210.00 5 | 1.50s | 315.00 |
| 02/02/04 Oral argument Preparation - close review of employee speech cases. | | Adam Schwartz Crue Appeal Oral Argument | | | |
| | 29427 | | 350.00 5 | 3.75s | 1312.50 |
| 02/02/04 Prepare for oral argument | | H. Grossman Crue Appeal Oral Argument | | | |

· For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ..................................................................29138 | | | 210.00 | 3.10s | 651.00 |
| 02/03/04 | | Adam Schwartz | 5 | | |
| Memo regarding employee speech cases, for oral argument | | Crue Appeal | | | |
| Preparation and assembly of. | | Memo | | | |
| ..................................................................29139 | | | 210.00 | 2.10s | 441.00 |
| 02/03/04 | | Adam Schwartz | 5 | | |
| moot court. | | Crue Appeal | | | |
| | | moot court | | | |
| ..................................................................29428 | | | 350.00 | 6.50s | 2275.00 |
| 02/03/04 | | H. Grossman | 5 | | |
| Prepare for oral argument, including moot | | Crue Appeal | | | |
| for 2.25 hours | | Oral Argument | | | |
| ..................................................................29142 | | | 210.00 | 1.80s | 378.00 |
| 02/04/04 | | Adam Schwartz | 5 | | |
| Further work on memo regarding employee speech cases. | | Crue Appeal | | | |
| | | Memo | | | |
| ..................................................................29429 | | | 350.00 | 5.75s | 2012.50 |
| 02/04/04 | | H. Grossman | 5 | | |
| Preparing oral argument | | Crue Appeal | | | |
| | | Oral Argument | | | |
| ..................................................................29168 | | | 210.00 | 0.00s | 0.00 |
| 02/05/04 | | Adam Schwartz | 5 | | |
| Further work on employee speech case memo - 2.4 hours | | Crue Appeal | | | |
| | | Memo | | | |
| ..................................................................29169 | | | 210.00 | 0.30s | 63.00 |
| 02/05/04 | | Adam Schwartz | 5 | | |
| Office conference with law student regarding anonymous | | Crue Appeal | | | |
| speech cases. | | Office conf | | | |
| ..................................................................29170 | | | 210.00 | 0.30s | 63.00 |
| 02/05/04 | | Adam Schwartz | 5 | | |
| Office conference with H. Grossman regarding employee | | Crue Appeal | | | |
| speech cases. | | Office conf | | | |
| ..................................................................29430 | | | 350.00 | 3.00s | 1050.00 |
| 02/05/04 | | H. Grossman | 5 | | |
| Preparing oral argument | | Crue Appeal | | | |
| | | Oral Argument | | | |

For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| .........29839 02/05/04 Office conference with A. Schwartz regarding employee speech | | H. Grossman Crue Appeal Office conf | 350.00 5 | 0.30s | 105.00 |
| .........29174 02/06/04 Office conference with H. Grossman regarding anonymous speech and employee speech. | | Adam Schwartz Crue Appeal Office conf | 210.00 5 | 0.25s | 52.50 |
| .........29431 02/06/04 Preparing oral argument | | H. Grossman Crue Appeal Oral Argument | 350.00 5 | 1.25s | 437.50 |
| .........29176 02/07/04 Oral argumnet prep-memo regarding employment cases - 2.0 hours | | Adam Schwartz Crue Appeal Oral Argument | 210.00 5 | 0.00s | 0.00 |
| .........29432 02/07/04 Preparing oral argument | | H. Grossman Crue Appeal Oral Argument | 350.00 5 | 6.00s | 2100.00 |
| .........29184 02/08/04 Office conference with H. Grossman regarding strategy. | | Adam Schwartz Crue Appeal Office conf | 210.00 5 | 2.00s | 420.00 |
| .........29840 02/08/04 Office conference with A. Schwartz regarding strategy | | H. Grossman Crue Appeal Office conf | 350.00 5 | 2.00s | 700.00 |
| .........29185 02/09/04 Second chair at argument. | | Adam Schwartz Crue Appeal Oral Argument | 210.00 5 | 2.00s | 420.00 |
| .........29433 02/09/04 Argument | | H. Grossman Crue Appeal Oral Argument | 350.00 5 | 2.00s | 700.00 |

· For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| ...............................................................................29204 | | | 210.00 | 0.50s | 105.00 |
| 02/11/04 | | Adam Schwartz | 5 | | |
| Analysis of tape of argument regarding regarding record cites. | | Crue Appeal<br>Analysis | | | |
| ...............................................................................29206 | | | 210.00 | 0.30s | 63.00 |
| 02/11/04 | | Adam Schwartz | 5 | | |
| Telephone conference with H. Grossman regarding same. | | Crue Appeal<br>Telephone conf | | | |
| ...............................................................................29207 | | | 210.00 | 0.50s | 105.00 |
| 02/12/04 | | Adam Schwartz | 5 | | |
| Letter to court regarding record. | | Crue Appeal<br>Letter | | | |
| ...............................................................................29209 | | | 210.00 | 0.00s | 0.00 |
| 02/12/04 | | Adam Schwartz | 5 | | |
| Office conference with David Geary regarding same - 0.3<br>hours. | | Crue Appeal<br>Office conf | | | |
| ...............................................................................29210 | | | 210.00 | 0.00s | 0.00 |
| 02/12/04 | | Adam Schwartz | 5 | | |
| Telephone conference with H. Grossman regarding same - 0.1<br>hours | | Crue Appeal<br>Telephone conf | | | |
| ...............................................................................29434 | | | 350.00 | 0.00s | 0.00 |
| 02/24/04 | | H. Grossman | 5 | | |
| Reviewing oral argument for statement by defendants<br>regarding NCAA for pupose of writing defendant's attorney -<br>0.75 hours. | | Crue Appeal<br>Review | | | |
| ...............................................................................29803 | | | 350.00 | 1.50s | 525.00 |
| 06/01/04 | | H. Grossman | 5 | | |
| Review of 7th Circuit decision | | Crue Appeal<br>Review | | | |
| ...............................................................................29804 | | | 350.00 | 0.75s | 262.50 |
| 06/01/04 | | H. Grossman | 5 | | |
| Legal research regarding possible certiorari petition | | Crue Appeal<br>Research | | | |
| ...............................................................................29805 | | | 350.00 | 0.10s | 35.00 |
| 06/07/04 | | H. Grossman | 5 | | |
| Receiving telephone call from T. Bishop regarding our<br>appellate fees | | Crue Appeal<br>Telephone conf | | | |

. For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...........................................................29806 | | | 350.00 | 0.10s | 35.00 |
| 06/08/04 | | H. Grossman | 5 | | |
| Returned call to T. Bishop - left message | | Crue Appeal | | | |
| | | Telephone conf | | | |
| ...........................................................29807 | | | 350.00 | 0.10s | 35.00 |
| 06/10/04 | | H. Grossman | 5 | | |
| Telephone conference with T. Bishop regarding extension of time | | Crue Appeal | | | |
| | | Telephone conf | | | |
| ...........................................................29808 | | | 350.00 | 0.25s | 87.50 |
| 07/14/04 | | H. Grossman | 5 | | |
| E-mail to client regarding status | | Crue Appeal | | | |
| | | Email | | | |
| ...........................................................29809 | | | 350.00 | 0.75s | 262.50 |
| 07/15/04 | | H. Grossman | 5 | | |
| Review of correspondence from T. Bishop regarding certiorari and payment of judgment | | Crue Appeal | | | |
| | | Review | | | |
| ...........................................................29810 | | | 350.00 | 0.75s | 262.50 |
| 07/15/04 | | H. Grossman | 5 | | |
| Research regarding mandates | | Crue Appeal | | | |
| | | Research | | | |
| ...........................................................29811 | | | 350.00 | 1.50s | 525.00 |
| 07/15/04 | | H. Grossman | 5 | | |
| Research of mandates and procedure | | Crue Appeal | | | |
| | | Research | | | |
| ...........................................................29812 | | | 350.00 | 1.25s | 437.50 |
| 07/15/04 | | H. Grossman | 5 | | |
| Drafting correspondence to defendant regarding settlement | | Crue Appeal | | | |
| | | Draft | | | |
| ...........................................................29813 | | | 350.00 | 0.50s | 175.00 |
| 07/19/04 | | H. Grossman | 5 | | |
| Preparation of fee petition - time review | | Crue Appeal | | | |
| | | Preparations | | | |
| ...........................................................29814 | | | 350.00 | 0.10s | 35.00 |
| 07/20/04 | | H. Grossman | 5 | | |
| Reviewing voice mail from R. Brinkmann regarding payment of judgment | | Crue Appeal | | | |
| | | Review | | | |

For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| ...........................................................................29815 | | | 350.00 | 0.25s | 87.50 |
| 07/20/04 | | H. Grossman | 5 | | |
| Supervising computation of interest | | Crue Appeal | | | |
| | | Supervise | | | |
| ...........................................................................29816 | | | 350.00 | 0.40s | 140.00 |
| 07/20/04 | | H. Grossman | 5 | | |
| Drafting correspondence to W. Brinkmann regarding same | | Crue Appeal | | | |
| | | Draft | | | |
| ...........................................................................29817 | | | 350.00 | 0.10s | 35.00 |
| 07/20/04 | | H. Grossman | 5 | | |
| Leaving message for Brinkmann | | Crue Appeal | | | |
| | | Telephone conf | | | |
| ...........................................................................29818 | | | 350.00 | 0.25s | 87.50 |
| 07/20/04 | | H. Grossman | 5 | | |
| Reviewing memo on Rule 60 and fee payment | | Crue Appeal | | | |
| | | Review | | | |
| ...........................................................................29819 | | | 350.00 | 0.10s | 35.00 |
| 07/23/04 | | H. Grossman | 5 | | |
| Telephone conference with W. Brinkmann regarding sending him the link to the internet for rates and settlement | | Crue Appeal Telephone conf | | | |
| ...........................................................................29820 | | | 350.00 | 0.50s | 175.00 |
| 08/12/04 | | H. Grossman | 5 | | |
| Drafting settlement letter | | Crue Appeal | | | |
| | | Draft | | | |
| ...........................................................................29821 | | | 350.00 | 2.30s | 805.00 |
| 08/16/04 | | H. Grossman | 5 | | |
| Reviewing T. Bishop letter regarding settlement (.1); researching FOIA and settlement agreements (1.25); telephone conference with S. Shapiro regarding settlement (.25); telephone conference with S. Kaufman regarding | | Crue Appeal Settlement | | | |
| ...........................................................................29846 | | | 350.00 | 2.00s | 700.00 |
| 08/26/04 | | H. Grossman | 5 | | |
| Reviewing time records and performing billing judgment | | Crue Appeal | | | |
| | | Analysis | | | |
| ...........................................................................29848 | | | 350.00 | 1.00s | 350.00 |
| 08/26/04 | | H. Grossman | 5 | | |
| Drafting declaration regarding appellate fees | | Crue Appeal | | | |
| | | Draft | | | |

· For time: s=spent  u=unbillable e=estimated  v=variance

| Date / Start Time<br>Reference<br>Description | Slip# | Attorney<br>Client<br>Activity | Rate<br>Level | Time | Total |
|---|---|---|---|---|---|
| .................................................................. | 29845 | | 210.00 | 5.00s | 1050.00 |
| 08/31/04 | | Adam Schwartz | 5 | | |
| Drafting petition for appellate fees. | | Crue Appeal | | | |
| | | Draft | | | |

| GRAND TOTAL | | | | | |
|---|---|---|---|---|---|
| | | Attorney | | 595.90s | 165409.00 |
| | | Client | | | 0.00 |
| | | Activity | | | 0.00 |
| | | Billable | | 595.90 | 165409.00 |
| | | Unbillable | | | 0.00 |

. For time: s=spent  u=unbillable  e=estimated  v=variance

| Date / Start Time Reference Description | Slip# | Attorney Client Activity | Rate Level | Time | Total |
|---|---|---|---|---|---|
| | 25298 | | 300.00 | 0.50s | 150.00 |
| 02/28/03 Additional edits to motion and declaratory. | | Jane Whicher Crue Appeal Edit | 4 | | |
| | 25347 | | 300.00 | 0.40s | 120.00 |
| 03/02/03 Amicus - E-mail to M. Finkin | | Jane Whicher Crue Appeal Research | 4 | | |
| | 25349 | | 300.00 | 0.30s | 90.00 |
| 03/03/03 Finalize Motion to extend date for brief. | | Jane Whicher Crue Appeal Finalize | 4 | | |
| | 25362 | | 300.00 | 0.10s | 30.00 |
| 03/06/03 Telephone conference with Bret Rappaport regarding brief. | | Jane Whicher Crue Appeal Telephone conf | 4 | | |
| | 25363 | | 300.00 | 1.20s | 360.00 |
| 03/06/03 Begin analysis of tasks for brief including review of recent cases. | | Jane Whicher Crue Appeal Review | 4 | | |
| | 25365 | | 300.00 | 1.30s | 390.00 |
| 03/07/03 Review Legal Research record/summary judgement and; Legal research regarding waiver. | | Jane Whicher Crue Appeal Review | 4 | | |
| | 25376 | | 300.00 | 0.90s | 270.00 |
| 03/10/03 Worked on analysis of tasks to be done. | | Jane Whicher Crue Appeal Other activity | 4 | | |
| | 25378 | | 300.00 | 0.50s | 150.00 |
| 03/10/03 Review docket to ascertain all prior briefing on issues related to appeal. | | Jane Whicher Crue Appeal Review | 4 | | |
| | 25382 | | 300.00 | 0.20s | 60.00 |
| 03/10/03 Emails to, from Finkin regarding Amicus. | | Jane Whicher Crue Appeal Email | 4 | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CYDNEY A. CRUE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 01-1144 |
| | ) |
| MICHAEL AIKEN, | ) Judge Michael M. Mihm |
| | ) |
| Defendant. | ) |

## DECLARATION OF HARVEY GROSSMAN
## IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEY FEES

Harvey Grossman, pursuant to 28 U.S.C. § 1746, declares:

1.     I submit this declaration in support of the petition filed by the plaintiffs for an award of attorney fees arising from the work performed during the appellate phase of the above captioned matter by plaintiffs' counsel at the Roger Baldwin Foundation of ACLU, Inc. ("RBF").

**Personal Background**

2.     In 1973, I graduated cum laude from the Northwestern University School of Law where I was appointed to the Order of the Coif. I received a bachelor's degree from the University of Missouri in 1970, where I was a cum laude graduate of the School of Business.

3.     I am licensed as an attorney in the State of Illinois and admitted to practice in the United States District Courts for the Northern, Central and Southern Districts of Illinois; the United States Courts of Appeals for the Seventh Circuit and the District of Columbia Circuit; and the United States Supreme Court. I am a member of the trial bar of the United States District Court for the Northern District of Illinois. I have had principal responsibility for litigation of matters before each of these courts.

4.    Since August 1980, I have served as the Legal Director of the American Civil Liberties Union of Illinois and its legal arm, the RBF. My responsibilities include the development and coordination of the program's civil liberties and civil rights case docket. I also provide direct representation and consultation in many of these cases. I was employed with the Land of Lincoln Legal Assistance Foundation ("Land of Lincoln") from 1973 to 1980. From 1973 to 1978, I held the positions of staff attorney, senior attorney, and directing attorney, concentrating in the areas of prisoner rights and poverty law. In 1978 I became the litigation coordinator for Land of Lincoln and was responsible for supervision of a federal court case docket. From 1969 to 1970, I was employed with the accounting firm of Ernst & Ernst in St. Louis, Missouri as a staff accountant.

5.    Since 1973, I have developed litigation specialties in the areas of civil rights and civil liberties law. Over the past 30 years, I have provided trial and appellate representation in scores of complex civil actions involving federal and state constitutional issues arising in numerous areas including corrections, reproductive rights, discrimination, police practices, voting rights, and freedom of speech and association. Of particular significance to the case, I have served as direct counsel in many free speech and association cases, including the following:

1)    *O'Hare Truck Service v. City of Northlake*, 518 U.S. 712 (1996) (free speech and association right of government contractors).

2)    *Alliance to End Repression v. City of Chicago*, 237 F.3d 799 (7th Cir. 2001) (free speech and association rights of persons and organizations engaged in protected political activity).

3)    *J. Roderick MacArthur Foundation v. FBI*, 102 F.3d 600 (D.C. Cir. 1996) (speech and association rights of foundation official).

4)    *Nelson v. Streeter*, 16 F.3d 145 (7th Cir. 1994) (free speech rights of student).

5)    *Buckley v. Illinois Judicial Inquiry Board*, 997 F.224 (7th Cir. 1993) (free speech rights of judges and judicial candidates).

2

6)  *Pilsen Neighbors Community Council v. Netsch*, 960 F.2d 676 (7th Cir. 1992) (free speech rights of non-profit organization).

7)  *People v. White*, 116 Ill.2d 171 (1987) (right to engage in anonymous political speech).

8)  *City of Watseka v. Illinois Public Action Counsel*, 796 F.2d 1547, (7th Cir. 1986), *aff'd without opinion*, 479 U.S. 1018 (1987) (free speech and association rights of organizations).

9)  *Piarowski v. Illinois Community College Dist. 515*, 759 F.2d 625 (7th Cir. 1985) (free speech rights of college professor).

10) *Pienta v. Village of Schaumburg*, 710 F.2d 1258 (7th Cir. 1983) (right of association of municipal police).

6.   I have lectured on civil liberties and civil rights in seminars sponsored by educational institutions and legal organizations.

**Management of this Litigation**

7.   At the commencement of this litigation I attempted to find counsel in the Champaign-Urbana area who would serve either as lead counsel or co-counsel in association with the Roger Baldwin Foundation. I contacted an attorney with over 25 years of practice in the Champaign-Urbana area including experience in civil rights, free speech and employment matters in the federal courts. This attorney has done work in association with the Roger Baldwin Foundation in the past. He advised that he had a conflict which prevented him from participating in the litigation. He further stated that he knew of no experienced attorneys in the area to whom this case could be referred. I also contacted a professor at the University of Illinois School of Law to seek the names of attorneys who could represent plaintiffs. This professor identified the same attorney described above and also provided the name of one additional attorney with some relevant experience. I contacted that attorney and he advised that his other professional commitments prevented him from providing representation to the plaintiffs in this case.

3

8.      Having failed to find local counsel in the Champaign-Urbana area, I determined that it was necessary to staff the case with RBF attorneys. Late in the case, I also was able to enlist cooperating counsel at Schwartz Cooper Greenberger and Kraus. The work of these cooperating attorneys was primarily to assist in document review and production and legal research.

9.      In the appellate phase of this litigation, I served as senior counsel, supervising the work of RBF attorneys Jane Whicher, Adam Schwartz, Chris Varas and Connie Chung. I decided to staff the appellate work with these RBF attorneys because of (a) the work by myself, Ms. Whicher, and Mr. Schwartz on this case during the trial court proceedings, and the efficiencies arising from our expertise in the law and facts of this case, and (b) my inability to locate local counsel for the trial court proceedings, as set forth above. I was responsible for setting strategy, and making or approving the assignment of the other attorneys to perform specific work.  Until her retirement in early September 2003, Jane Whicher oversaw the day-to-day preparation of the brief. I was responsible for representing plaintiffs in the two settlement proceedings conducted by the staff settlement attorney for the Seventh Circuit pursuant to Circuit Rule 33.  Following Ms. Whicher's departure, I assumed the day-to-day supervision of the brief, including initial and primary responsibility for the portion of plaintiffs' consolidated brief which responded to defendant's separate brief challenging the judgments for attorney fees.

10.      I attempted to fulfill my supervisory responsibilities in a cost-efficient manner. I divided various tasks in order to avoid duplication of work. In many instances, it was most efficient to have more junior lawyers – Mr. Schwartz , Mr. Varas or Ms. Chung – perform specific tasks under the supervision of Ms. Whicher or myself.  These tasks included record searches and legal research on a wide variety of constitutional and procedural issues. I allocated these attorney tasks to more junior attorneys in my office according to their levels of experience and skill.

4

**Personal Time**

11.     I have reviewed my files in this case, including the time sheets that I contemporaneously maintained throughout the course of my involvement in this case. The Schedule of Services attached as an exhibit to this fee petition is a true and accurate reflection of professional services reasonably rendered by me to the plaintiffs in this litigation, with details concerning the hours expended and the type of services provided, less the exclusions described below.

**Preparation of this Fee Claim**

12.     I exercised reasonable billing judgment in determining the amount of the attorney fees that plaintiffs are requesting for their attorneys' services on appeal. I have reviewed all of the attorneys' contemporaneous time records for the services rendered in this case on appeal. After reviewing those records, I eliminated all non-productive and non-essential time, as well as all duplicative time.

13.     In performing the tasks described in the preceding paragraph, I eliminated approximately 36 hours incurred by RBF attorneys. This included over 17 hours of Ms. Chung' time in preparing a reply in support of plaintiffs' motion to strike portions of defendant's brief, because that reply, in part, corrected errors in an opening brief on the motion. I also cut 9 hours of Mr. Schwartz's time, the bulk of which was spent on preparing a memo for oral argument regarding employee speech rights. I determined that Mr. Schwartz's work was excellent, but provided more assistance than was necessary for the argument. I also eliminated as unnecessary or duplicative approximately 10 additional hours of work performed by myself, Mr. Varas, and another RBF attorney, Sarah Schriber. Ms. Schriber's write-off eliminated all of the hours which she worked on the case. All of these reductions are reflected in the individual time records at a zero dollar value.

5

**Hourly Rates**

14.     I request a rate of $315 per hour for my legal services rendered prior to January 2003, and a rate of $350 per hour for work performed subsequently. In conformity with a review of RBF rates performed by General Counsel of the RBF, my hourly rate was set at $315 in January 2001, and $350 in January 2003. This rate is based on market rates and court awards for attorneys with similar experience in similar litigation in the Chicago legal market. On April 8, 2003, this Court approved a rate of $315 for my work in the trial court proceedings in this case (*i.e.*, up until September 2002).

15.     I request a rate of $300.00 per hour for legal services provided by Ms. Whicher. This rate is based on market rates and court awards for attorneys with similar experience in similar litigation in the Chicago legal market. On April 8, 2003, this court approved this rate for Ms. Whicher's services in the trial court proceedings in this case (*i.e.*, up until September 2002).

16.     I request a rate of $210 per hour for legal services provided by Mr. Schwartz. He is a 1995 graduate of the Howard University School of Law, where he graduated summa cum laude and served as the Notes and Comments Editor of the Howard Law Review. From 1995 to 1996, Mr. Schwartz served as a law clerk for the Honorable Betty B. Fletcher of the United States Court of Appeals for the Ninth Circuit. In 1996, he joined the RBF. This rate is based on market rates and court awards for attorneys with similar experience in the Chicago legal market. On April 8, 2003, this court approved a rate of $170 for Mr. Schwartz for his work in the trial court proceedings in this case (*i.e.*, up until September 2002). Mr. Schwartz's rate was raised to $210 in January 2003, in conformity with the RBF's rate evaluation performed by RBF General Counsel.

17.     I request a rate of $150 per hour for legal services provided by Mr. Varas.

6

He is a 2002 graduate of the Northwestern University School of Law.  He is presently an associate at Preston Gates Ellis LLP in Seattle, Washington.

18.  I request a rate of $150 per hour for legal services provided by Ms. Chung. She is a 2002 graduate of the Georgetown University Law School.

I state under penalty of perjury that the foregoing is true and correct.

DATED:  September 3, 2004

Respectfully submitted,

Harvey Grossman

7





## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**FILED**

APR - 8 2003

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CYDNEY CRUE, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　Case No. 01-1144
　　　　　　　　　　　　　　　　　　)
MICHAEL AIKEN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

## O R D E R

　　　This matter is now before the Court on Plaintiffs' Bill of Costs and Petition for an Award of Attorneys Fees and Expenses. For the reasons set forth below, the Court awards $2,949.35 in costs, and $208,812.99 in attorneys fees and expenses.

### DISCUSSION

I.　　Costs

　　　On May 24, 2002, the Court entered summary judgment as to liability in favor of Plaintiffs, finding that the First Amendment rights of each named Plaintiff had been violated as a matter of law. On July 22, 2002, the matter proceeded to trial on the question of damages, and on September 3, 2002, the Court entered an Order awarding $1,000.00 to each of the five Plaintiffs seeking damages as compensation for their injuries, and final judgment was entered.

　　　Plaintiffs subsequently submitted their Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $3,634.34. "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1).



The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See* Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *See* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. *See* M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991).

Although Aiken has informed the Court that he has no objection to the Bill of Costs, the Court has an independent duty to review the amounts sought and award only such amounts as are properly recoverable. In this respect, the Court notes that Plaintiffs' itemization of transcript costs includes several items that are not properly recoverable.

First, in addition to charges for the transcript and in some cases and attendance fee, the itemization includes a $20.00 charge for the depositions of Defendant Aiken, Vince Ille, Debbie Reese, and Cydney Crue for copies of the deposition on disk. This is purely a matter of attorney convenience and is not properly recoverable under a fee shifting statute.

- 2 -

Accordingly, the allowable cost for each of these four depositions will be reduced by
$20.00.

Second, the itemized cost for the depositions of Delise O'Meally and Kevin Lennon
include a charge for the original transcript plus an additional copy. Again, while the cost
of the original transcript is recoverable, the second copy is purely a matter of attorney
convenience, and Defendant will not be forced to bear this expense. The Court has
contacted the reporting service regarding these depositions and has been informed that
the cost of the original transcript plus appearance fee for O'Meally was $582.60, while the
cost of the original transcript plus appearance fee for Lennon was $349.00. Accordingly,
only those amounts will be awarded.

As a result of these rulings, the Court finds that the amount sought for fees of the
court reporter should be reduced by $684.99, bringing the total amount of costs to be
awarded in favor of Plaintiffs to $2,949.35. Such costs shall be taxed in favor of Plaintiffs.

II.    Fees

Plaintiffs also seek an award of attorneys fees as the prevailing party. Generally,
a plaintiff who is a prevailing party in a civil rights action is entitled to an award of
reasonable attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 1035 S.Ct. 1933 (1983).
In this circuit, a "prevailing party" has been defined as "the party who prevails as to the
substantial part of the litigation." Testa v. Village of Mundelein, Illinois, 89 F.3d 443, 447
(7th Cir. 1996), citing First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d
1007, 1015 (7th Cir. 1985). The Court is vested with discretion to determine the identity of

- 3 -

the prevailing party, particularly where there is a mixed outcome, such as the case now before it. Id.

Aiken argues that Plaintiffs are not entitled to any fee award because they did not prevail on many of the issues in this case. While Aiken is correct that Plaintiffs did not ultimately prevail on several of the claims asserted, that is not necessarily dispositive. Plaintiffs won summary judgment as to liability on the First Amendment claim and later obtained an award of compensatory damages. As the First Amendment claim was a substantial part of the litigation and Plaintiffs obtained some of the relief they sought, the Court finds that Plaintiffs qualify as prevailing parties for purposes of a fee award. See Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 109 S.Ct. 1486, 1494 (1989).

Aiken next cites Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566 (1992), for the proposition that Plaintiffs should recover no fees because the fee request is vastly disproportionate to the damages awarded in this case. Specifically, Plaintiffs seek fees in the amount of $302,532.50 when the damages award was only $5,000.00. However, it is not uncommon for actual damages to be small in cases based on First Amendment violations, as the injury suffered is not readily quantifiable in terms of dollars and cents. The fact that actual damages may not be substantial does not mean that they were only "nominal" in the traditional sense of the word, nor can the injury suffered be fairly described as trivial or abstract. Plaintiffs succeeded in obtaining preliminary injunctive relief that was rendered moot only after Aiken rescinded his prior statement in response to the Court's temporary restraining order and obtained a declaratory judgment that their

- 4 -

First Amendment rights had been violated. Aiken has consistently declined to acknowledge that his actions resulted in any real injury, and it was this denial that made it necessary for Plaintiffs to proceed through trial on their claims in order to vindicate their First Amendment rights. The Court rejects the suggestion that this is the kind of "technical" or "insignificant" victory found to be insufficient to justify a fee award in Farrar.

That being said, the Court's refusal to completely deny Plaintiffs any fee award does not mean that some reduction in the fees sought may not be appropriate. When calculating a reasonable fee, the starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate, otherwise referred to as a "lodestar." Hensley, 103 S.Ct. at 1939. From the lodestar amount, the Court must then exclude any amounts that it finds were not "reasonably expended" due to overstaffing, duplication of effort, or other causes. Id.

Here, Aiken challenges the hourly rates claimed by Plaintiffs' counsel as unreasonable for this area. Attorneys Grossman, Raphael, Schwartz, and Whicher billed at the hourly rates of $315.00 per hour, $160.00 per hour, $170.00 per hour, and $300.00 per hour respectively, which are slightly higher than rates generally charged by counsel of comparable experience in this area. However, the Seventh Circuit has recently clarified that when awarding fees pursuant to a fee-shifting statute in civil rights litigation, the intent is "to allow litigants access to attorneys who would otherwise be inaccessible, given the low retainers many plaintiffs can afford." Mathur v. Board of Trustees of Southern Illinois University, 317 F.3d 738, 743 (7th Cir. 2003). Therefore, the Court of Appeals has directed that courts should compensate attorneys at the rate they would have earned from paying

- 5 -

clients, in other words, the standard hourly rate for the market where they normally practice. Id. Courts "should defer to the out-of-town attorney's rate when calculating the lodestar amount" unless "there is reason to believe that services of equal quality were readily available at a lower charge or rate in the area where the services were rendered." Id. at 744. As Plaintiffs' counsel have undeniable expertise in this area of the law and have introduced evidence that they unsuccessfully attempted to obtain comparable counsel locally, the Court finds no compelling reason why there should be any reduction from the established market rate for Plaintiffs' counsel.

Aiken disapproves of the presence of two attorneys during the depositions of NCAA officials in Indianapolis, Indiana. With all due respect, the Court cannot find that having two attorneys present at important depositions, as evidenced by the fact that the majority of the defense to the temporary restraining order was based on the opinion of one of these deponents, was unreasonable. The fact that Aiken only sent one attorney to the depositions does not mean that Plaintiffs were unreasonable for sending two attorneys, particularly when Plaintiffs have exercised appropriate billing judgment by billing for only half of the more senior attorney's time.

Aiken next contends that Plaintiffs unreasonably overstaffed the trial in this matter by sending three attorneys. Summary judgment had already been entered in favor of Plaintiffs as to liability. The pretrial order had been prepared, and the exhibits had been agreed upon. The only witnesses were the five Plaintiffs seeking damages, who presented brief testimony seeking damages of $1,000.00 each. If Plaintiffs had actually submitted a bill for the full amount of the third lawyer's time, the Court would agree. However,

- 6 -

Plaintiffs have exercised billing judgment in adjusting the bill to reflect only time when the third attorney was actually presenting evidence, which is reasonable.[1]

Aiken argues that Plaintiffs fees should be reduced to reflect the fact that they were not successful on several issues in this litigation. Specifically, he notes that Plaintiffs' claim for injunctive relief was dismissed as moot, and Count II against Chancellor Nancy Cantor was dismissed for failure to present a justiciable issue. In making this argument, Aiken fails to recognize that Plaintiffs initially won preliminary injunctive relief and that the reason why the claim with the corresponding putative class was later dismissed as moot was because he engaged in remedial action that removed the impermissible restriction on speech. The Court therefore cannot find that time spent in obtaining the preliminary injunctive relief or preliminary preparations for class certification was not reasonably necessary. Nor would the Court agree that Plaintiffs actions in filing the First Amended Complaint were unreasonable, as prior to that time, there had been no assurances that the new Chancellor would not simply reinstate the prior restraint withdrawn by Aiken.

However, the Court made it clear that if Chancellor Cantor would affirm her lack of intent to reinstate the directive, no justiciable issue would remain with respect to Count II. As Plaintiffs continued to resist the dismissal of Count II after Chancellor Cantor's affirmation, their continued pursuit of that issue was unreasonable, and Aiken should not be compelled to pay the cost of such pursuit. After a review of the billing records, the Court

---

[1] Aiken also makes perfunctory objections to billing for intra-office conferences, time spent in consultation with a non-testifying expert regarding NCAA rules, and time spent in exploration of a consent decree as a means of resolving the case. However, as the objections are perfunctory, they are summarily rejected.

- 7 -

is unable to determine with any degree of certainty what amounts of the more than $30,000.00 in attorneys fees billed in connection with researching, drafting, editing, and finalizing the resistance to Aiken's second motion to dismiss may be attributable to the disallowed portion of Plaintiffs' resistance. Accordingly, the Court concludes that a 5% reduction of the $293,802.50 sought by the attorneys from the Roger Baldwin Foundation is appropriate to reflect a disallowance of time spent on the frivolous resistance, and a $14,690.12 reduction will therefore be made to the total fees requested by these attorneys.

In reviewing the itemized billing statements submitted in connection with the fee petition, the Court further notes that Plaintiffs have billed their full hourly rates for travel time. Although Aiken has not specifically objected on this basis, the Court has an independent duty to approve only such fees as are reasonable and to make appropriate reductions when necessary. The Court finds that charging a full hourly rate for travel time absent a specific notation that work was done during the time spent in transit is unreasonable. For all instances of travel time where there is no indication that work was done on the case during the time spent in transit, the Court will award only 50% of the normal hourly rate for travel time. Accordingly, the following reductions will be made:

| Attorney | Date | Hours Billed | 50% Reduction |
|----------|---------|--------------|---------------|
| Schwartz | 3/22/01 | 5.25 | $446.25 |
| Grossman | 3/22/01 | 5.25 | $826.87 |
| Grossman | 4/4/01 | 3.5 | $551.25 |
| Raphael | 4/4/01 | 3.5 | $280.00 |
| Schwartz | 5/10/01 | 5.5 | $467.50 |
| Grossman | 5/10/01 | 5.5 | $866.25 |
| Raphael | 5/10/01 | 3.0 | $240.00 |
| Raphael | 5/11/01 | 3.5 | $280.00 |
| Schwartz | 5/23/01 | 5.5 | $467.50 |

- 8 -

| Grossman | 5/30/01 | 6.5 | $1,023.75 |
| Raphael | 5/30/01 | 3.0 | $240.00 |
| Raphael | 5/30/01 | 3.5 | $280.00 |
| Grossman | 9/10/01 | 5.8 | $913.50 |
| Grossman | 9/11/01 | 5.8 | $913.50 |
| Raphael | 9/11/01 | 5.8 | $464.00 |
| Grossman | 10/11/01 | 4.25 | $669.37 |
| Schwartz | 5/21/02 | 0.9 | $76.50 |
| Schwartz | 7/18/02 | 5.5 | $467.50 |
| Schwartz | 7/21/02 | 2.75 | $233.75 |
| Grossman | 7/21/02 | 2.75 | $433.12 |
| Whicher | 7/21/02 | 3.0 | $450.00 |
| Schwartz | 7/22/02 | 2.75 | $233.75 |
| Grossman | 7/22/02 | 2.75 | $433.12 |
| Whicher | 7/22/02 | 3.0 | $450.00 |
| | | | $11,707.48 |

Accordingly, the Court sua sponte disallows $11,707.48, which represents a 50% reduction in the hourly rates charged for time in transit where there is no indication in the billing records that the time was spent working on the case.

Finally, the Court would note that the amount of time billed in this case is somewhat staggering. That being said, the importance of challenging the illegal prior restraint on speech and vindicating the First Amendment rights of those affected by the prior restraint was significant. The Court has no interest in making any further reduction of time attributable to the real meat of this case, which was obtaining and defending the injunctive relief. However, according to the Court's rough calculations, more than $136,000.00 of the total fees sought were billed after the injunctive relief was no longer in issue.

Beginning in January 2002, essentially all that remained was summary judgment as to liability, which drew heavily on the Court's prior rulings with respect to the injunctive relief, and a bench trial during which the only witnesses were the five Plaintiffs seeking

- 9 -

compensatory damages of $1,000.00 each. While the Court fully acknowledges that Aiken admitted nothing of importance in this case, effectively forcing Plaintiffs to move for summary judgment as to liability and prove the existence and amount of compensatory damages at trial, awarding fees in excess of $136,000.00 after the real meat of the case had already been resolved would be excessive. Although the Court has no reason to believe that the time reflected in the billing records was not actually spent or was not spent in good faith, the Court cannot in good conscience compel Aiken to reimburse Plaintiffs for the entire amount claimed in view of the very limited compensatory damages ($1,000.00 each for five Plaintiffs) sought and awarded.

By the Court's calculations, the attorneys from the Roger Baldwin Foundation incurred roughly $127,000.00 in fees after the Court's ruling on the second motion to dismiss removed the injunctive and class issues from the case. For the above identified reasons and given the posture of this case beginning in January 2002, the Court finds that these fees are in excess of the amount that could reasonably be attributed to Aiken under a fee-shifting statute. The Court therefore finds it appropriate to reduce the amount of fees allowed for this time period by roughly 50%, which results in a further reduction of $63,000.00 from the lodestar requested. Although this reduction may seem arbitrary, it is necessary to adjust the lodestar to an amount that would be considered reasonable under the circumstances. The Court concludes that a roughly 50% reduction would fairly accomplish this result.

In addition to the fees generated by the Roger Baldwin Foundation, additional fees were incurred by outside counsel. From January 23, 2002, through February 19, 2002,

Plaintiffs consulted with the firm of Schwartz, Cooper, Greenberger & Krauss and enlisted their assistance in staffing the case. However, a review of the billing records indicates that much of the time billed involved bringing these lawyers up to speed on matters that were already within the knowledge of the attorneys from the Roger Baldwin Foundation, conferences with the attorneys of record, and administrative tasks such as Bate stamping documents. Counsel of record in this case were clearly experienced and capable of performing the tasks that were delegated to the outside counsel. Although they may have made a staffing decision to have the outside counsel assist at some point, it is simply not reasonable to pass these fees along to Aiken. The Court therefore disallows the $8,730.00 billed by the Schwartz firm from the fee award in this case. After making all of these reductions, the total amount of attorneys fees awarded is $204,404.90.

Aiken also contends that some of the expense charges are unreasonable on their face. Aiken argues that the costs of travel for Plaintiffs' counsel are not recoverable expenses. However, while travel expenses are not recoverable as costs of suit, they are reimbursable as part of a fee award "because travel and meal expenses are the sort of things that a lawyer includes with a bill for professional services." Calderon v. Witvoet, 112 F.3d 275, 276 (7th Cir. 1997). That being said, the Court does not find it reasonable to expect the opposing party to pay for airfare from Chicago to Peoria when it is at the most a three hour drive. Accordingly, the Court disallows the $1,147.50 billed for airfare on April 4, 2001, and October 11, 2002. Nor is it reasonable to expect the opposing party to reimburse counsel for their meals or taking a taxi not related to out-of-town travel simply because they worked late or on a weekend, as such charges are matters of attorney

- 11 -

overhead that should not be passed on under a fee-shifting statute. The Court therefore disallows the $140.00 in taxi expenses reflected in the entries for 3/21/01, 3/29/01, 4/3/01, 5/4/01, 8/13/01, 8/15/01, 3/28/02, and 6/12/02, as well as the $110.87 in meal expenses reflected in the entries for 3/28/01, 3/29/01, 5/29/01, 12/1/01, 12/2/02, and 4/17/02.

Similarly, Aiken challenges the unexplained hotel charges incurred on 5/11/01, as well as the hotel charges apparently incurred by Attorneys Grossman, Whicher, and Schwartz on the night before the bench trial in this case. While the billing records indicate that the 5/11/01 charges were incurred by Attorney Raphael while preparing for and defending the depositions of two Plaintiffs in Champaign, Illinois, the Court agrees that the hotel charges incurred for the night before the 10:00 a.m. bench trial on July 22, 2002, represent a matter of attorney convenience that cannot reasonably be passed on to Aiken. Accordingly, $323.11 will be deducted from allowable expenses.

Aiken next objects to parking expenses totaling $80.00 for which there is no explanation or indication of why the parking was necessary or should be passed on to the opposing party pursuant to a fee-shifting statute. The Court agrees. Accordingly, the parking charges for 12/1/01, 12/2/01, 12/3/01, 3/17/02, and 4/17/02 are disallowed. Following these reductions, the total amount of out-of-pocket expenses awarded is $4,408.09.

- 12 -

## CONCLUSION

For the reasons set forth above, Plaintiffs' Petition for Attorneys Fees and Expenses [#103] is GRANTED IN PART and DENIED IN PART. Attorneys fees and expenses are hereby awarded in the amount of $208,812.99, and costs shall be taxed in the amount of $2,949.35 in favor of Plaintiffs and against Defendant Aiken.

ENTERED this  5th  day of April, 2003.

5/Michael M. Mihm

Michael M. Mihm
United States District Judge

- 13 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

CYDNEY A. CRUE, et al.,              )
                                     )
            Plaintiffs,              )
                                     )
      v.                             )      Civil Action No. 01-1144
                                     )
MICHAEL AIKEN,                       )      Judge Michael M. Mihm
                                     )
            Defendant.               )

**DECLARATION OF EDWARD W. FELDMAN
IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEY FEES**

Edward W. Feldman, pursuant to 28 U.S.C. § 1746, declares:

1.      I submit this declaration in support of plaintiffs' petition for attorney fees for

appellate work in the above-captioned case.

2.      In 1984, I graduated from Harvard Law School.  I am a member in good standing

of the bars of the Supreme Court of Illinois; the United States Court of Appeals for the Seventh

Circuit; the United States District Court for the Northern District of Illinois; and the Trial Bar of

the Northern District of Illinois.

3.      From 1984 to 1986, I served as a law clerk for the Honorable Marvin E. Aspen of

the Northern District of Illinois.  From 1986 to 1988, I was a fellow in the Northwestern

University Legal Clinic.

4.      Since August 1988, I have worked at the law firm now known as Miller, Shakman

& Hamilton LLP, at 208 South LaSalle Street in Chicago, Illinois.  I have been a partner since

January 1, 1992.  My practice has concentrated in general commercial cases, with experience in

securities law, RICO litigation, partnership and corporate disputes, legal malpractice defense,

1

civil rights and constitutional law, construction law, environmental law, employment discrimination, and contractual disputes. I have also represented lawyers and law firms concerning lawyer-relocation and partnership matters. I have had principal or substantial responsibility for litigation of matters before each of the courts identified above, as well as other state and federal courts. In addition, I have served on the Civil Justice Reform Act Advisory Committee for the Northern District of Illinois, and I am currently a member of the Advisory Committee on Rules and Practice for the Northern District of Illinois.

5.    In the course of my practice and professional activities (including my representation of lawyers and law firms), I have become familiar with the fees charged by attorneys in private practice in the Northern District of Illinois. It is my understanding that the fees customarily charged by attorneys for their services represent the "market rate" for their services. I am currently aware of the rates being charged as of this date by attorneys in private practice in the Northern District of Illinois.

6.    I am familiar with the quality of work in general performed by attorneys with the Roger Baldwin Foundation of ACLU, Inc. ("RBF"). In addition, I am familiar with the quality of the work performed by Harvey Grossman, Jane Whicher, and Adam Schwartz, because I have worked with them as cooperating counsel in ACLU litigation.

7.    I have reviewed in draft the declaration of Harvey Grossman submitted in connection with this fee petition. I have also reviewed the Amended Complaint and reported opinions in this case.

8.    The hourly rates sought by plaintiffs in this fee petition – $315 for Mr. Grossman for work performed before January 2003, $350 for Mr. Grossman for work performed after

2

January 2003, $300 for Ms. Whicher, $210 for Mr. Schwartz, and $150 for Connie Chung and Chris Varras – are reasonable, in light of counsel's respective years in practice and litigation experience. The requested rates are within the range of market rates currently charged in the Chicago legal community for substantially similar work by competent practitioners. In fact, the foregoing rates are substantially below those charged by many firms for lawyers of comparable skills and abilities.

I state under penalty of perjury that the foregoing is true and correct.

DATED: September 2, 2004

Edward W. Feldman

3

*Crue v. Aiken:*
## The lodestar for plaintiffs' appellate fees

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Connie Chung | 44.95 | 150 | 6,742.50 |
| Harvey Grossman (before 12/31/02) | 6.30 | 315 | 1,984.50 |
| Harvey Grossman (after 1/1/03t) | 165.65 | 350 | 57,977.50 |
| Adam Schwartz | 80.95 | 210 | 16,999.50 |
| Jane Whicher | 246.65 | 300 | 73,995.00 |
| Chris Varas | 51.40 | 150 | 7,710.00 |
| Total | 595.90 | -- | 165,409.00 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

CYDNEY A. CRUE, et al.,                    )
                                           ) Civil Action No.01-1144
            Plaintiffs,                    )
                                           ) Judge Michael M. Mihm
    v.                                     )
                                           )
MICHAEL AIKEN,                             )
                                           )
            Defendant.                     )

### NOTICE OF FILING

TO:  **SEE SERVICE LIST**

PLEASE TAKE NOTICE THAT on September 3, 2004, we filed, via Federal Express

with the Clerk of the United States District Court, Central District of Illinois, **MEMORANDUM**

**IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEY FEES**, a copy of which is

attached hereto and hereby served upon you.

By: _____
    ADAM SCHWARTZ
    One of the Plaintiffs' Attorneys

HARVEY GROSSMAN
ADAM SCHWARTZ
Roger Baldwin Foundation
 of ACLU, Inc.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois 60601
(312) 201-9740

## CERTIFICATE OF SERVICE

I, Adam Schwartz, hereby certify that on the 3rd day of September, 2004, I served

to the parties listed below a true and correct copy of the attached **MEMORANDUM IN**

**SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEY FEES**, in the manners

listed below, before the hour of 5:00 p.m.

By: _Adam Schwartz_____
Plaintiffs' Attorney

## VIA FACSIMILE and U.S. Mail

TO:    William J. Brinkmann
       Michael R. Cornyn
       Thomas, Mamer & Haughey
       National City Bank Building
       30 Main Street, Suite 500
       Champaign, IL  61820
       (217) 351-2017 facsimile

## Via Hand Delivery

       Timothy S. Bishop
       Martin H. Redish
       Nichola Jackson
       Mayer, Brown, Rowe & Maw LLP
       190 South LaSalle Street
       Chicago, Illinois 60603